## BIBB MFG. CO. v. WALLING.
### No. 11776.

Circuit Court of Appeals, Fifth Circuit.

Nov. 7, 1947.

Writ of Certiorari Denied Feb. 16, 1948.

See 68 S.Ct. 607.

A. O. B. Sparks and Charles M. Cork, both of Macon, Ga., for appellant.

Geo. A. Downing, Regional Atty., Dept. of Labor, and James H. Shelton, Atty., Dept. of Labor, both of Atlanta, Ga., and Bessie Margolin, Ass't Sol., of Washington, D. C., for appellee.

Before HUTCHESON, McCORD, and WALLER, Circuit Judges.

HUTCHESON, Circuit Judge.

The suit brought by the Administrator of the Wage and Hour Division of the United States Department of Labor was to restrain violations of the overtime and record keeping requirements of the Fair Labor Standards Act of 1938.[1] The violation claimed was that defendant, in determining the "regular rate of pay" on which overtime compensation was computed and paid, had failed to include a so-called attendance, incentive, or production bonus of $2 a week as a part of the employee's compensation.

The defense was that the $2 a week was, and was paid as, an overtime bonus, and that it at no time entered into or constituted a part of the "regular rate of pay".

The district judge, agreeing with plaintiff, directed the payment of back wages in accordance with the stipulation of the parties, that if the court sustained plaintiff's position the defendant agreed to make payment of all back wages due.

Defendant is here insisting that the judgment was wrong: "(a) under the decision in Walling v. Belo, 316 U. S. 624, 62 S.Ct. 1223, 86 L.Ed. 1716; (b) under subsequent Supreme Court decisions; and (c) under a common sense interpretation of the term the statute uses, regular rate at which he is employed".

The district judge made definite findings of fact as to the bonus,[2] and appellee, insisting that the evidence sustains the findings, urges upon us that the judgment must be affirmed.

Appellant, with equal vigor, insisting that the evidence establishes without dispute that the bonus was paid not as a part of the "regular rate of pay" but as an overtime bonus, urges upon us that the only question involved on appeal is one of law, whether in this state of the record it can be held that the bonus was a part of the "regular rate of pay".

We cannot agree with appellant that the findings of fact complained of are clearly erroneous. Indeed, we doubt whether a finding the other way could have been sustained. It is true that the $2 bonus was paid only to those employees who worked all of the overtime hours afforded, except where no overtime hours were afforded to such employees during any particular work week, and that in no week was the bonus paid to all of appellant's employees. It is true, too, that the statement setting forth the terms and nature of the bonus, as prepared by appellant's attorneys, described it as an overtime bonus and also referred to it

---

[1] 29 U.S.C.A. § 201 et seq.

[2] "11. I find that the bonus was not paid simply for working overtime hours, as contended by defendant. Indeed, the working of the first hour or the first 8 hours was just as essential to earning the bonus as was working hours beyond forty—in fact, more essential in that the bonus was paid in frequent instances though no overtime hours were worked.

"12. I find as a fact that the bonus was paid as an attendance bonus for working the full hours required by defendant; that said payment was made regularly to all employees who worked the required hours; and that it was a normal and regular part of the employees' weekly compensation, being paid without regard to whether the week was an overtime or a non-overtime workweek. Overtime work resulted in no additional compensation in so far as the bonus payment was concerned—the employee received the same lump sum of $2.00 for an 8-hour week or a 24-hour week as for a 48 or 56-hour week, provided he had worked the full number of hours required of him."

as a bonus for doing a full week's work. It is equally true, however, that the evidence taken as a whole fully supports the court's finding that there was no contractual agreement between appellant and its employees that the bonus was an overtime bonus and not a part of "the regular weekly rate".

It, therefore, is quite plain that Belo's case, on which appellant relies, is without application here. There the district judge [A. H. Belo Corp. v. Street, 36 F.Supp. 907], on evidence sustaining him, found: "that the contracts between employer and employee were actual bona fide contracts of employment; that they were intended to, and did, really fix the regular rates at which each employee was employed; and that as made and carried out, they compensated the employees at a regular rate considerably in excess of the minimum fixed by the statute, and for overtime at a rate not less than one and one-half times that regular rate". We affirmed [Fleming v. A. H. Belo Corp., 5 Cir., 121 F.2d 207, 210], drawing the precise distinction [3] which was later drawn in the Supreme Court between the Missel [4] and the Belo [5] cases. Here there was no express agreement as to the regular rate at which the employee was employed, excluding therefrom the $2 bonus regularly paid for a full week's work. Here, not the Belo but the Missel case applies and controls.

Nor does appellant's case stand any better under "the subsequent Supreme Court cases" he cites.[6] These but applied to the facts of each case the principles laid down and settled in the Belo and Missel cases.

Its third point that, the authorities aside, the judgment was wrong under a common sense interpretation of the term the statute uses, "regular rate at which he is employed", is a sort of appeal to reason in support of the contention appellant makes. Our holding, that, on the findings of the district judge, the authorities do not support this view but one quite to the contrary, makes unnecessary any detailed discussion of the point. It is sufficient to say that we regard the cited decisions of the Supreme Court as reasonable and as not in conflict, but in accord, with the common sense interpretation of the statute, and that the findings and judgment of the court below are not contrary to, but in accord with, that interpretation. The judgment was right. It is affirmed.

---

[3] We said: "In cases where there is no express agreement as to the regular rate at which the employee is employed, but only an agreement for a weekly wage, appellant's method of arriving at the regular rate by assuming that the wage stipulated for is not intended to cover overtime worked, would, we think, be unexceptionable. But in cases where, as here, the contract of employment fixes the regulate rate, that method will not do, for here within the very words of the statute, 'the regular rate at which he is employed', is fixed as to each employee in his contract of employment". Cf. Atlantic Co. v. Walling, 5 Cir., 131 F.2d 518, at page 521.

[4] 316 U.S., 572, 62 S.Ct. 1216, 86 L.Ed. 1682.

[5] 316 U.S. 624, 62 S.Ct. 1223, 86 L.Ed. 1716.

[6] United States v. Rosenwasser, 323 U. S. 360, 65 S.Ct. 295, 89 L.Ed. 301; Walling v. Helmerich & Payne, Inc., 323 U.S. 37, 65 S.Ct. 11, 89 L.Ed. 29; Walling v. Youngeman-Reynolds Hardwood Co., Inc., 325 U.S. 419, 65 S.Ct. 1242, 89 L.Ed. 1705; Walling v. Harnischfeger, 325 U.S. 427, 65 S.Ct. 1246, 89 L.Ed. 1711; Walling v. Halliburton Oil Well Cementing Co., 331 U.S. 17, 67 S.Ct. 1056; Walling v. General Industries Co., 330 U.S. 545, 67 S.Ct. 883; and 149 Madison Ave. Corp. v. Asselta, 331 U.S. 199, 67 S.Ct. 1178.