**William E. BROCK, Secretary of Labor, United States Department of Labor, Plaintiff-Appellee,**

v.

**TWO "R" DRILLING COMPANY, INC., et al., Defendants-Appellants.**

**No. 84–3236.**

United States Court of Appeals, Fifth Circuit.

May 19, 1986.

Ellis B. Murov, David A. Lang, New Orleans, La., for defendants-appellants.

Barbara Kahl, Linda Jan S. Pack, Dept. of Labor, Washington, D.C., for plaintiff-appellee.

Before CLARK, Chief Judge, GARWOOD and JOLLY, Circuit Judges.

ON PETITION FOR REHEARING

(Opinion October 7, 1985, 5 Cir., 1985, 772 F.2d 1199)

GARWOOD, Circuit Judge:

The government in its petition for rehearing attacks our prior holding, by a divided panel, 772 F.2d 1199 (5th Cir.1985), that the bonus payments in issue were overtime compensation and hence excludable from the employees' regular rate of pay for purposes of computing the minimum required overtime premium under section 7 of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 207.

On reconsideration, concluding that the government's argument in this respect has merit and that the prior contrary determination of the panel majority was in error, we withdraw our previous holding on this point and grant the government's petition

for rehearing to the extent hereinafter set out.

■ The stipulated facts show that the employees' regular schedule called for an eighty-four-hour workweek (seven consecutive twelve-hour days) on the drilling barges, alternating with a week of shore leave. The first forty hours worked in the week were compensated at a "straight time" rate in excess of the FLSA minimum wage. Work in excess of forty hours per week—the applicable weekly "maximum" under section 207(a)—was compensated at time and a half the "straight time" rate. In each workweek, the employees were also credited with three hours for travel to and from the drilling rig and dock, which was considered working time and was compensated at time and a half the straight time hourly rate.[1] For those employees who completed the entire eighty-four-hour workweek, a bonus was paid in an amount equal to one and a half times the employees' straight time rate multiplied by ten. This bonus, however, was dependent not only on working forty-four (or forty-seven, including "travel") hours overtime, but also on meeting the following four additional conditions: (1) reporting to the "showup" dock on time for transportation to the drilling barge; (2) arriving in proper physical and mental condition to perform the work assigned; (3) assembling the attire and personal effects necessary for a seven-day tour; and (4) remaining on the drilling barge between the twelve-hour shifts. Although the bonus was never payable unless substantial overtime was worked, because of the presence of the above-stated four additional conditions, not of themselves related to the performance of overtime, we cannot say that the bonus was entirely for overtime under section 207(e)(5). *Cf. Walling v. Harnischfeger Corporation*, 325 U.S. 427, 432, 65 S.Ct. 1246, 1249, 89 L.Ed. 1711 (1945) ("where the facts do not permit it, we cannot arbitrarily divide bonuses ... into regular and overtime segments"). No such nonovertime-related conditions were present in *Brennan v. Valley Towing Co.,*

*Inc.,* 515 F.2d 100 (9th Cir.1975), cited in our original opinion. The defense that the bonus was an overtime premium is rejected.

We agree with the district court's rejection of the defense asserted under section 7(e)(3)(a) of the FLSA, 29 U.S.C. § 207(e)(3)(a), and under section 4(a)(2) of the Portal to Portal Act, 29 U.S.C. § 254(a)(2).

■ Defendants' remaining defense is grounded on the "percentage" bonus rule. Under that concept, the payment of a bonus calculated as a percentage of the employee's total wages for the period in reference to which the bonus is paid, generally does not require recomputation of the "regular" rate of pay for purposes of section 207(a) because the bonus is deemed to increase the straight time pay and the overtime pay by the same percentage, thus not altering the ratio between them. As Judge Learned Hand stated in *Siomkin v. Fairchild Camera & Instrument Corp.*, 174 F.2d 289 (2nd Cir.1949):

> "A bonus which varies in proportion to 'total earnings,' varies in proportion to the sum of the straight time payments and the overtime payments, and a percentage of an aggregate is ordinarily computed upon every unit of the aggregate, unless some other purpose appears. It would be purely gratuitous to apply the percentage to 'total earnings' over a period upon each dollar of straight time, but upon only sixty-seven cents of each dollar of overtime.
> "....
> "... A percentage paid upon current earnings ... has the same effect, as between employee and employer, as though it was added to each unit of pay, the unit and a half earned for overtime as well as the unit earned for straight time; and it ought to be deemed the equivalent of an increment to each of the units for current work." *Id.* at 292–94.

*See also Adams v. Macklin Co.,* 69 F.Supp. 262 (E.D.Mich.1946), *aff'd sub nom. DeWa-*

---

**1.** Compensation for this "travel time" is not at issue in this case.

*ters v. Macklin Co.*, 167 F.2d 694 (6th Cir.), cert. *denied*, 335 U.S. 824, 69 S.Ct. 48, 93 L.Ed. 379 (1948). The regulations also give some recognition to the percentage bonus concept. *See* 29 C.F.R. §§ 778.210, 778.-503.[2]

■ The government contends that the percentage bonus rule cannot be applied because the bonus was conditional. The mere fact that a percentage bonus is conditional seems irrelevant to reason that such bonuses have been held not to require recomputation of the "regular" rate, namely, that the relationship between the regular and the overtime rate is not thereby changed. Conditional percentage bonuses were upheld in *Siomkin* and *Adams v. Macklin.* We have found no contrary decisions. The government relies in this respect on the "if it is paid unconditionally" language in the first sentence of 29 C.F.R. § 778.503, which is set out in note 2, *supra.* However, this sentence purports to describe section 778.210, which contains no reference to unconditionality. A conditional bonus "based on a percentage of total wages," no less than an unconditional one, "increases both straight time and overtime wages by the same percentage," which is the rationale for the percentage bonus rule as stated in section 778.503. It appears that the "unconditionally" language in section 778.503 has relevance primarily in the sham or pseudo bonus situation, which is the basic subject matter of section 778.503 and is the subject matter for which section 778.210 refers the reader to section 778.-503. There is no claim that the bonus here was a sham or "used as a device to evade the overtime requirements of the Act." The stipulation below was that the defendants' evidence would show that in connection with the bonus the employer "did not promulgate any device intended to be used to evade the overtime requirements" of the FLSA; that the employer had "neither the objective nor the subjective desire to evade the overtime requirements" of the FLSA; that its "purpose was to comply with" the FLSA, including its overtime requirements; and that the government had no contrary evidence.

The government also urges that the bonus is not in any event based on a percentage of the employee's total wages. While the bonus is not expressly stated as a percentage, nevertheless it was calculated as fifteen hours (one component of ten hours and another of five) of pay and, was payable only to those who worked the full eighty-four-hour (eighty-seven-hour, including the "travel time") regularly scheduled workweek, and met the other four enumerated conditions. Thus, as to every employee receiving the bonus, it was always the same

---

2. These regulations provide in pertinent part as follows:

"**§ 778.210 Percentage of total earnings as bonus.**

"In some instances the contract or plan for the payment of a bonus may also provide for the simultaneous payment of overtime compensation due on the bonus. For example, a contract made prior to the performance of services may provide for the payment of additional compensation in the way of a bonus at the rate of 10 percent of the employee's straight-time earnings, and 10 percent of his overtime earnings. In such instances, of course, payments according to the contract will satisfy in full the overtime provisions of the Act and no recomputation will be required. This is not true, however, where this form of payment is used as a device to evade the overtime requirements of the Act rather than to provide actual overtime compensation, as described in §§ 778.502 and 778.503.
" . . . .

"**§ 778.503 Pseudo 'percentage bonuses.'**

"As explained in § 778.210 of this part, a true bonus based on a percentage of total wages—both straight time and overtime wages—satisfies the Act's overtime requirements, if it is paid unconditionally. Such a bonus increases both straight time and overtime wages by the same percentage, and thereby includes proper overtime compensation as an arithmetic fact. Some bonuses, however, although expressed as a percentage of both straight time and overtime wages, are in fact a sham. Such bonuses, like the bonuses described in § 778.502 of this part, are generally separated out of a fixed weekly wage and usually decrease in amount in direct proportion to increases in the number of hours worked in a week in excess of 40. The hourly rate purportedly paid under such a scheme is artificially low, and the difference between the wages paid at the hourly rate and the fixed weekly compensation is labeled a percentage of wage 'bonus.' "

constant percentage or fraction of each employee's total wages for the eighty-four-hour (eighty-seven with travel time) regularly scheduled workweek, namely, in each case and for every such employee, 13.57466 percent or $^{15}/_{110.5}$ths.[3]

 Were this the whole picture, it would not necessarily be fatal that the bonus was not expressly stated in terms of a percentage or fraction. However, it appears that on at least some occasions some employees worked in the relevant week a few hours in excess of the regularly scheduled eighty-four (or eighty-seven) hours, and received a bonus of only fifteen hours of straight time pay. The stipulation does not address why employees who may have worked more than this did not receive a larger bonus, or how often, or with respect to how many or which classes of employees, this occurred, or the number of hours involved.[4] It is not disputed that the employees were consistently scheduled to work only eighty-four hours (plus three hours for travel). Apparently, then, any work beyond this was unplanned and unexpected. Other than the above-noted references in the stipulation to the employer's intent to comply with the FLSA's overtime requirements in respect to the bonus, the stipulation does not address how the bonus concept was originally intended to operate in this respect. We are cited to no authorities dealing with the effect of some few shifts unexpectedly lasting slightly more than eighty-four hours (plus travel) for which no greater bonus was actually paid on the "percentage" status of the bonus as to the other shifts which lasted only the scheduled regular eighty-four hours (plus travel).[5] The district court did not address defendants' percentage bonus contention,[6] and it is appropriate that it do so in the first instance. We remand for this purpose. The district court will have discretion to reopen for additional evidence in this connection.

Accordingly, the cause is remanded for further proceedings consistent herewith.

REMANDED.

---

3. Total wages for the regularly scheduled workweek were forty hours at straight time plus forty-seven (including three for travel) hours at time and a half straight time, for a total equal to 110.5 times the amount of the employee's straight time hourly rate; the bonus was equal to fifteen times the amount of the employee's straight time hourly rate.

4. The briefs indicate that a little less than fifteen percent of the bonuses in the period at issue were paid in instances where the employee had worked more than eighty-four (or eighty-seven with travel time) hours.

5. *Cf. Walling v. Harnischfeger Corporation,* 65 S.Ct. at 1248 (for employees not meeting higher piecework rate requirements and hence compensated at minimum hourly rate, that rate is regular rate for purposes of overtime premium calculation); 29 C.F.R. § 778.312.

6. This is understandable, since it was confusingly intermingled with other contentions in defendants' brief below. Defendants did, however, cite *Siomkin* and quote 29 C.F.R. § 778.-210 in full in their brief below.