Thomas FEATSENT; Franklin Palmer; Kenneth Centorame, individually and on behalf of all sworn police officers of the City of Youngstown, Ohio, Plaintiffs–Appellees, Cross–Appellants,

v.

CITY OF YOUNGSTOWN, Defendant–Appellant, Cross–Appellee.

Nos. 94–3499, 94-3540.

United States Court of Appeals, Sixth Circuit.

Argued Oct. 17, 1995.

Decided Dec. 1, 1995.

Richard T. Bush (argued and briefed), Green, Haines, Sgambati, Murphy & Macala, Youngstown, OH, for Plaintiffs-Appellees, Cross-Appellants in No. 94-3499.

Dennis Haines, Richard T. Bush (argued and briefed), Green, Haines, Sgambati, Murphy & Macala, Youngstown, OH, for Plaintiffs-Appellees, Cross-Appellants in No. 95-3540.

Timothy J. Jacob (argued and briefed), Youngstown, OH, for Defendant-Appellant, Cross-Appellee in both cases.

Before: MERRITT, Chief Judge; KENNEDY, Circuit Judge; JOINER,* District Judge.

KENNEDY, Circuit Judge.

Defendant, City of Youngstown ("City"), appeals from a District Court order granting summary judgment for plaintiffs, arguing that contrary to the District Court's holding, plaintiffs' overtime compensation had been paid in compliance with the Fair Labor Standards Act ("FLSA"). Plaintiffs, police officers employed by the City, cross-appeal the District Court's adjustment of the attorney fee award and the failure to award full liquidated damages against the City for its FLSA violations. For the reasons stated, we AFFIRM in part, REVERSE in part, and REMAND for a recalculation of damages in a manner not inconsistent with this opinion.

## I. Facts

The City and plaintiffs' union, the Labor Council for the Fraternal Order of Police ("Union"), entered into a collective bargaining agreement ("Agreement") that governs the terms and conditions of plaintiffs' employment for the years 1992, 1993, and 1994. According to the Agreement, overtime is calculated on the basis of the "regular hourly rate," which excludes remuneration for shift differentials,[1] hazardous duty pay,[2] longevity pay,[3] awards for non-use of sick leave,[4] and bonuses[5] for the absence of medical claims and education degrees.[6] Alleging that the failure to include these items in computing overtime violated the overtime provisions of the FLSA, plaintiffs filed a class action

against the City seeking unpaid overtime compensation, liquidated damages, costs, and attorney fees. Plaintiffs and defendant moved for summary judgment on the issue of the City's liability under the FLSA.

The City argued that it paid overtime in compliance with the Agreement, and that Section 7(g)(3) of the FLSA allows the parties, by agreement or understanding, to establish a "basic rate" to be multiplied by a factor of not less than one and a half to arrive at overtime payments. Additionally, the City argued that Section 7(e) of the FLSA does not require the basic rate to include the disputed payments.

The District Court found that the FLSA allows employers and employees to agree to a basic rate only when overtime calculations are difficult due to the way nonovertime compensation is computed. Reasoning that because the Agreement clearly sets out how nonovertime pay is determined, it held that the City could not resort to the basic rate method to calculate overtime compensation.

Furthermore, the District Court found that, even if Section 7(g)(3) were available, the Agreement did not establish a "basic rate" within the meaning of the FLSA. The District Court held that, as a matter of law, the FLSA requires shift differentials, hazardous duty pay, and nondiscretionary bonuses to be included in the computation of the basic rate. In addition, it found that, because the longevity payments are made pursuant to both a city ordinance and the Agreement, they are nondiscretionary bonuses that also must be included in the rate

---

* The Honorable Charles W. Joiner, United States District Judge for the Eastern District of Michigan, sitting by designation.

1. The Agreement provides that police officers who work the afternoon shift will receive an additional ten cents per hour and that those who work the night shift will receive an additional fifteen cents per hour.

2. The Agreement incorporates YOUNGSTOWN REV. CODE § 163.31, which provides for an annual hazardous duty payment.

3. A Youngstown city ordinance provides that these payments are calculated by multiplying a fixed dollar amount by the employee's number of years of service to the City. YOUNGSTOWN REV CODE

§ 163.30. Furthermore, the Agreement provides for that fixed dollar amount to be increased by certain percentages each year.

4. According to the Agreement, the police officers accrue sick leave at a rate of one and one-quarter days per month of employment.

5. The Agreement defines the eligibility requirements for and amounts of these bonuses.

6. During negotiations, the Union advanced a proposal that would have included all of these payments in the regular hourly rate. However, the City rejected that proposal and the Union ultimately agreed to an overtime rate that excluded these items.

upon which plaintiffs' overtime compensation is calculated.

Finally, the City argued that, because the Agreement requires plaintiffs to bring their grievances under the Agreement's grievance and arbitration procedures, summary judgment should be granted in its favor. The Agreement provides that disputes between police officers and the City involving the interpretation or application of the Agreement must be pursued through the grievance procedures set forth in the Agreement. The District Court found that this dispute involved the overtime calculations required by the FLSA, not the interpretation or application of the Agreement. Therefore, plaintiffs were not contractually required to invoke the grievance and arbitration procedures of the FLSA.

After finding that plaintiffs were entitled to summary judgment, the District Court awarded plaintiffs attorney fees. Plaintiffs' attorney submitted an affidavit stating that the prevailing hourly attorney fee for federal court work within the northeastern Ohio legal community was between $100 and $165 and that his firm regularly charged between $100 and $150 per hour. Plaintiff requested an attorney fee based on an hourly rate of $150. The District Court awarded $125.

Finally, the District Court considered plaintiffs' liquidated damages claim. The District Court found that the City operated in good faith and without a belief that its actions violated the FLSA. Moreover, recognizing that a liquidated damages award would come from taxpayer funds, the District Court awarded only partial liquidated damages in the amount of $2,500.

## II. Grant of Summary Judgment

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED.R.CIV.P. 56(c). The facts of this case are undisputed; summary judgment is appropriate. Our review, therefore, is confined to questions of law, which we review de novo. *Weimer v.*

*Kurz–Kasch, Inc.,* 773 F.2d 669, 671 (6th Cir.1985).

## A. Section 7(g): The "Basic Rate" Method of Calculating Overtime Compensation

The FLSA requires that employers compensate their employees who work in excess of forty hours per week at a rate one and a half times the regular rate at which they are employed. 29 U.S.C. § 207(a). Section 7(g) of the FLSA, however, allows employers and employees to negotiate and agree upon a method of calculating overtime compensation based upon a mutually acceptable "basic rate."

Section 7(g) states, in relevant part:

No employer shall be deemed to have violated subsection (a) of this section by employing any employee for a workweek in excess of the maximum workweek applicable to such employee under such subsection if, pursuant to an agreement or understanding arrived at between the employer and the employee before performance of the work, the amount paid to the employee for the number of hours worked by him in such workweek in excess of the maximum workweek applicable to such employee under such subsection

. . . . .

(3) is computed at a rate not less than one and one-half times the rate established by such agreement or understanding as the basic rate to be used in computing overtime compensation thereunder. . . .

29 U.S.C. § 207(g)(3).

The City argues that through the collective bargaining process, the Union and the City agreed that the basic rate would be equivalent to the plaintiffs' "regular hourly rate," thus fulfilling the "agreement or understanding" requirement of Section 7(g). To implement the basic rate method of computing overtime compensation, however, the employer must compute and pay overtime compensation "on other forms of additional pay required to be included in computing the regular rate." 29 U.S.C. § 207(g)(ii). Section

7(e) defines "regular rate" to include "all remuneration for employment paid to, or on behalf of, the employee," but excepts certain payments from the regular rate. 29 U.S.C. § 207(e).

■ The City maintains that Section 7(e)(2) excludes the disputed payments from the regular rate. Section 7(e)(2) excepts from the regular rate

> payments made for occasional periods when no work is performed due to vacation, holiday, illness, failure of the employer to provide sufficient work, or other similar cause; reasonable payments for traveling expenses, or other expenses, incurred by an employee in the furtherance of his employer's interests and properly reimbursable by the employer; and other similar payments to an employee which are not made as compensation for his hours of employment.

29 U.S.C. § 207(e)(2).

■ Regardless of whether shift differentials and hazardous duty pay are paid contemporaneously in the hourly wage or are deferred and treated like a bonus, Section 7(e)(2) does not exclude them from the regular rate. *See Bay Ridge Operating Co. v. Aaron,* 334 U.S. 446, 468–69, 68 S.Ct. 1186, 1198–99, 92 L.Ed. 1502 (1948) (holding that the regular rate of pay must include shift differentials); *Reich v. Interstate Brands Corp.,* 57 F.3d 574, 578–79 (7th Cir.1995), *cert. denied,* —— U.S. ——, 116 S.Ct. 699, —— L.Ed.2d —— (1996) (analogizing earned work credits to premium rates for undesirable shifts and finding that Section 7(e)(2) does not exclude that compensation from the regular rate); 29 C.F.R. § 778.207(b) (requiring that the regular rate include premiums for nightshift differentials and hazardous work). *See also Thomas v. Howard Univ. Hosp.,* 39 F.3d 370, 372 (D.C.Cir.1994) (stating that Sections 7(e)(6) and (e)(7) do not exclude from the regular rate shift differentials that do not exceed one and one-half times the employee's base rate). Unlike the payments listed in Section 7(e)(2), both shift differentials and hazardous duty pay compensate the employee for hours of employment. Therefore, we find that the FLSA requires that shift differentials and hazardous duty pay be included in the regular rate used to compute overtime compensation.

Relying on *Minizza v. Stone Container Corp.,* 842 F.2d 1456 (3d Cir.), *cert. denied,* 488 U.S. 909, 109 S.Ct. 261, 102 L.Ed.2d 249 (1988), the City also argues that bonuses for nonuse of sick leave, absence of medical claims, and education degrees fall within the Section 7(e)(2) exception to inclusion in the regular rate. In *Minizza,* the court held that Section 7(e)(2) excludes from the regular rate lump sum payments made to employees based on the duration of their employment and pursuant to their labor contract. *Id.* at 1463. The court found that because these payments were an inducement for ratification of the employment agreement, negotiated as a trade-off for wage increases, and unrelated to hours of employment or service they fell within Section 7(e)(2). *Id.* at 1462. Applying *Minizza* to this case, the City argues that because awards for nonuse of sick leave and bonuses for the absence of medical claims and education degrees are unrelated to hours of employment, they may be excepted from the regular rate under Section 7(e)(2).

■ With respect to bonuses for education degrees, we find the City's argument unpersuasive. There is no evidence the payments related to education degrees were inducements for ratification of the Agreement rather than compensation for hours worked. *See id.* at 1462 n. 9. Although the bonuses for education degrees do not relate to hours of employment, Section 7(e)(2) does not exclude every payment not measured by hours of employment from the regular rate. *Interstate Brands Corp.,* 57 F.3d at 577. In fact, the "similar payments" clause of Section 7(e)(2) was not intended to exclude bonuses from inclusion in the regular rate when those bonuses are understood to be compensation for services even when they are "not directly attributable to any particular hours of work." 29 C.F.R. § 778.224(a). The Agreement's salary scale for the police officers does not provide for increased wages based on the police officers' education levels. Educational advancement, however, enhances the quality of an employee's job performance, as is evidenced by the City's willingness to compen-

sate its police officers for their education degrees. Therefore, to the extent that the police officer's salaries do not account for their educational background, the bonuses attributable to education degrees compensate the plaintiffs for their services and cannot be excluded from the regular rate under Section 7(e)(2).

■ With respect to bonuses for the absence of medical claims and the nonuse of sick leave, we disagree with the District Court's conclusion that these bonuses may not be excluded from the regular rate. These payments are unrelated to the police officers' compensation for services and hours of service.[7] Moreover, awards for nonuse of sick leave are similar to payments made when no work is performed due to illness, which may be excluded from the regular rate. *See* 29 U.S.C. § 207(e)(2). Thus, bonuses for the absence of medical claims and nonuse of sick leave may be excluded from the regular rate.

■ The City also argues that Section 7(e)(2) excludes longevity payments from the regular rate. Longevity payments, by definition, are payments given on the basis of length of service. These payments compensate the police officers for their service to the City. Therefore, they do not fall within the Section 7(e)(2) exception to inclusion in the regular rate. *See* 29 C.F.R. § 778.224(a). *See also Moreau v. Klevenhagen,* 956 F.2d 516, 521 (5th Cir.1992) (distinguishing longevity payments that are "sums paid as gifts," which may be excluded from the regular rate, from those that are required by an ordinance and a bargaining agreement, which may not be excluded from the regular rate), *aff'd,* 508 U.S. 22, 113 S.Ct. 1905, 123 L.Ed.2d 584 (1993); Admin.Ltr.Rul., Dept. of Labor, Opinion of the Wage–Hour Administrator, Op.Ltr. No. 1669 (August 26, 1986) (finding that when longevity payments are required by both a city ordinance and a bargaining agreement, they are nondiscre-

tionary bonuses that must be included in the regular rate).

■ The City argues that 29 C.F.R. § 548.2(j) contemplates that the disputed payments may be excluded from overtime compensation. Section 548.2(j) provides that the requirements of Section 7 will be met when

> [e]xtra overtime compensation is properly computed and paid on other forms of additional pay which have not been considered in arriving at the basic rate but which are required to be included in computing the regular rate.

29 C.F.R. § 548.2(j). The City argues that the exceptions to inclusion in the regular rate that are listed in Section 7(e) are not exclusive and that, instead, Section 548.2(j) allows payments required to be included in the regular rate to be excluded from overtime compensation as long as those items were *considered* (although not included) in arriving at the basic rate. We disagree.

Section 7(e)(2) broadly provides that the regular rate will include "*all* remuneration for employment." 29 U.S.C. § 207(e) (emphasis added). Section 7(e) narrowly limits those items that may be excluded from regular rate. The City's argument that this list is not exclusive essentially eviscerates the FLSA's provisions that seek to insure that overtime is properly paid on all compensation for services. We conclude, therefore, that the list of exclusions in Section 7(e) is exclusive.

■ Finally, we address the City's argument that the courts should not award plaintiffs what they were unable to achieve through the collective bargaining process. Union representatives may not bargain away employee rights under the FLSA. *See Walling v. Harnischfeger Corp.,* 325 U.S. 427, 431–32, 65 S.Ct. 1246, 1248–49, 89 L.Ed. 1711 (1945). Furthermore, there is no collective-bargaining exemption from the FLSA. *Interstate Brands Corp.,* 57 F.3d at 578. Therefore, we find unpersuasive the City's

---

7. These bonuses are nondiscretionary in that the Agreement designates not only under what conditions the payments are to be made, but also their amounts. Because these bonuses are not paid in recognition of services, the fact that they

are nondiscretionary is irrelevant to the determination of whether they may be excluded from the regular rate under Section 7(e)(2). *See* 29 U.S.C. 207(e)(2).

argument that because the Agreement was the product of a negotiating process its provisions should be judicially respected.

■■■ Therefore, the City has not met the requirements of the basic rate method of calculating overtime compensation to the extent that Section 7(e)(2) does not permit the City to exclude shift differentials, hazardous duty pay, bonuses for education degrees, and longevity pay from the regular rate upon which overtime is calculated. However, we find that under Section 7(e)(2) the City may exclude awards for the nonuse of sick leave and bonuses for the absence of medical claims from the overtime rate.

## B. Section 7(k)

■■■ In addition to claiming that Section 7(g)(3) permits it to exclude the items at issue from the overtime rate, the City also argues that it is entitled to the more lenient overtime compensation computation requirements of Section 7(k), which allow law enforcement agencies to adopt an alternative work period for purposes of overtime compensation. The District Court found that the City raised its Section 7(k) argument too late in the proceedings and declined to consider it. The City does not argue that the District Court erroneously found that it did not raise its Section 7(k) argument in a timely manner. Reviewing the District Court's refusal to consider an untimely argument under an abuse of discretion standard, see *Northwest Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 926 (9th Cir.1988), we find no abuse.

## III. Grievance and Arbitration Procedures

■■■ The District Court found that it was unnecessary for plaintiffs to invoke the grievance and arbitration procedures of the Agreement and we agree. Plaintiffs dispute neither the Agreement's meaning nor its scope. Instead, they allege violations of the FLSA. Therefore, plaintiffs were not contractually bound to pursue their claims under the Agreement's grievance and arbitration procedures.

## IV. Attorney Fees

■■■ We review a district court's award of attorney fees for abuse of discretion. *Perotti v. Seiter*, 935 F.2d 761, 763 (6th Cir.1991). The FLSA allows prevailing plaintiffs a reasonable attorney fee. 29 U.S.C. § 216(b). Plaintiffs' attorney submitted an affidavit stating that the prevailing hourly rate for federal work in northeastern Ohio was between $100 and $165 and that his firm's rate for that work was between $100 and $150 per hour. Given those fee ranges, we cannot say that the District Court's award of attorney fees in the amount of $125 per hour is an abuse of discretion.

## V. Liquidated Damages

■■■ Finally, we review the District Court's order denying plaintiffs full liquidated damages. Section 16(b) of the FLSA provides, in relevant part, that

[a]ny employer who violates the provisions of [Section 7] shall be liable to the employee or employees affected in the amount of their ... unpaid overtime compensation ... and in an additional equal amount as liquidated damages.

29 U.S.C. § 216(b). However,

if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the [FLSA], the court may, in its sound discretion, award no liquidated damages or award any amount thereof not to exceed the amount specified in [Section 16 of the FLSA].

29 U.S.C. § 260. *See Dole v. Elliott Travel & Tours, Inc.*, 942 F.2d 962, 967–68 (6th Cir.1991). The District Court found that the City acted in good faith without a belief that its actions were in violation of the FLSA.

During negotiations, the City was represented by an attorney. Presumably, the duty of the attorney was not only to represent the City's interest, but also to ascertain and follow the dictates of the law, including the FLSA. There is no evidence that at any time the City's attorney advised the City that the Agreement's method of calculating over-

time compensation violated the FLSA. From its attorney's silence, the City was entitled to the reasonable belief that the Agreement did not violate the law, including the FLSA. *See Hill v. J.C. Penney Co., Inc.,* 688 F.2d 370, 375 (5th Cir.1982) (finding that the defendant's reliance on the advice of counsel insulated it from an award of liquidated damages under the FLSA); *Van Dyke v. Bluefield Gas Co.,* 210 F.2d 620, 622 (4th Cir.1954) (finding no abuse of discretion where the district court did not award liquidated damages on the basis that the employer relied on its attorney's advice that the employee was not covered by the FLSA), *cert. denied,* 347 U.S. 1014, 74 S.Ct. 870, 98 L.Ed. 1137 (1954); *Foremost Dairies v. Ivey,* 204 F.2d 186, 190 (5th Cir.1953) (finding no abuse of discretion where the district court denied a claim for liquidated damages on the basis that during the negotiations both the employer's and the union's lawyer concluded that the FLSA had no application). Therefore, the District Court had the discretion to award liquidated damages in an amount less than plaintiffs' unpaid overtime compensation. In light of our finding that Section 7 requires neither awards for nonuse of sick leave nor bonuses for the absence of medical claims to be included in the overtime rate, we remand the issue of liquidated damages should the District Court desire to reconsider it.

### VI. Conclusion

For the reasons stated, we AFFIRM the District Court's grant of summary judgment for the plaintiffs on the basis that Section 7(e)(2) of the FLSA does not permit the exclusion of shift differentials, hazardous duty pay, bonuses for education degrees, and longevity pay from the overtime rate, but REVERSE the District Court's judgment to the extent that it holds that Section 7(e)(2) does not permit the exclusion of awards for nonuse of sick leave and bonuses for the absence of medical claims from the overtime rate. In addition, we AFFIRM the District Court's award of attorney fees and partial liquidated damages. Therefore, we REMAND to the District Court for a recalcula-tion of damages in a manner consistent with this opinion.

