LOKEN, Chief Judge,
dissenting.
I respectfully dissent. I believe that the only circuit court to consider the issue correctly concluded that compensation paid under a sick leave buy-back program such as the City of Columbia’s should be excluded from the FLSA’s definition of “regular rate.” Featsent v. City of Youngstown, 70 F.3d 900 (6th Cir.1995).
Sick leave buy-back payments admittedly do not fit comfortably within the exclusion in 29 U.S.C. § 207(e)(2) for “payments made for occasional periods when no work is performed.” But the court is wrong to suggest that such payments “are not related to specific duties or hours worked.” In my view, sick leave buy-back payments are functionally equivalent to premium overtime pay that is expressly excluded from an employee’s regular rate. Like overtime, and unlike true attendance bonuses, these payments relate to specific hours worked — the days that the employee chose to work rather than to use paid sick leave.
As the Supreme Court said in the FLSA’s formative years, “[t]o permit overtime premium to enter into the computation of the regular rate would be to allow overtime premium on overtime premium— a pyramiding that Congress could not have intended.” Bay Ridge Operating Co. v. Aaron, 334 U.S. 446, 464, 68 S.Ct. 1186, 92 L.Ed. 1502 (1948). This principle was codified in 1949. See 29 U.S.C. §§ 207(e)(5)-(e)(7). If sick leave buy-back payments fit awkwardly under § 207(e)(2) because they relate to hours worked, rather than to hours not worked, these payments are squarely within the purview of the three exclusions found in subsections (e)(5)-(e)(7) that apply to “extra compensation provided by a premium rate paid for certain hours worked.”[14]
*981 Section 207(e)(5) excludes “extra compensation provided by a premium rate paid for certain hours worked ... because such hours are hours worked ... in excess of the employee’s ... regular working hours.” A firefighter who works one or more paid sick leave days has worked in excess of his “regular working hours.” If otherwise eligible under the City’s program, he may sell unused sick leave to bring his total pay for sick leave hours worked up to 175% of his regular rate. The related exclusion in § 207(e)(6) applies to “extra compensation provided by a premium rate paid for work by the employee on ... regular days of rest” if the premium rate is not less than one and one-half times the regular rate. These exclusions were intended to prevent the pyramiding of “overtime on overtime.” They have been applied to a variety of overtime compensation programs. See Alexander v. United States, 32 F.3d 1571, 1577 (Fed.Cir.1994); Brock v. Two “R” Drilling Co., Inc., 772 F.2d 1199, 1201-02 (5th Cir.1985); Brennan v. Valley Towing Co., Inc., 515 F.2d 100, 109-10 (9th Cir.1975).
In response, the court asserts that sick leave buy-back payments are not compensation at a premium rate. This ignores economic reality. The City agreed to pay the plaintiff firefighters for ten days of sick leave each year. If sick leave is used, the City must pay another employee to do the work, presumably at a rate at least equal to the regular rate of the firefighter on sick leave. If the firefighter instead works, leaving his sick leave unused, the City through the buy-back program pays, on top of the regular rate already paid, a premium equal to 75% of the firefighter’s regular rate. Thus, for those days worked, the firefighter is paid 175% of his regular rate. This premium is greater than and functionally no different than the premium the FLSA requires employers to pay for overtime work — not less than one and one-half times (150%) the employee’s regular rate. See 29 U.S.C. § 207(a). And like overtime, extra compensation paid for unused sick leave is offset by the employer not incurring the expense of hiring additional workers or paying other employees to fill in.
It may make little difference whether the City’s sick leave buy-back payments are excluded from a firefighter’s regular rate under § 207(e)(2) because they are “similar to payments made when no work is performed due to illness,” Featsent, 70 F.3d at 905, or under §§ 207(e)(5) or (6) as overtime compensation paid at a premium rate. But the contrary decision of the district court and this court to include those payments in the regular rate both distorts FLSA principles and discourages use of a creative overtime payment device that benefits both employers and employees. I respectfully dissent from this decision.

. Unlike the exclusion in § 207(e)(2) for payments for hours not worked, compensation excluded from the employee's regular rate under subsections (e)(5)-(e)(7) "shall be creditable toward overtime compensation payable pursuant to this section." § 207(h). The record on appeal does not reveal what impact, if any, that difference would have in this case. *981 I would leave that question for the district court to resolve on remand.