**Darrell D. THURMAN, Plaintiff–Appellee/Cross–Appellant,**

v.

**YELLOW FREIGHT SYSTEMS, INC., Defendant–Appellant/Cross–Appellee.**

No. 94–6109, 95–5064.

United States Court of Appeals, Sixth Circuit.

Sept. 19, 1996.

---

Richard J. Ebbinghouse, Gordon, Silberman, Wiggins & Childs, Birmingham, AL, for Plaintiff–Appellee, Cross–Appellant.

Jeff Weintraub, J. Gregory Grisham, Weintraub, Robinson, Weintraub, Stock, Bennett, Ettinghoff & Grisham, Memphis, TN, for Defendant–Appellant, Cross–Appellee.

Before: SUHRHEINRICH and SILER, Circuit Judges; and EDMUNDS, District Judge.*

## ORDER

On July 26, 1996, this Court rendered its decision on the appeal of this case. On August 9, 1996, Yellow Freight petitioned for rehearing en banc and Thurman petitioned for rehearing en banc on August 21, 1996. The petitions having been circulated not only to the original panel members but to all other active judges of this court, and no judge of this court having requested a vote on the suggestions for rehearing en banc, the petitions for rehearing en banc have been referred to the original panel. The panel adheres to its original disposition with the following amendment regarding the issue of front pay:

The July 26 decision states, "In the conclusion to his appeal brief, Thurman also appeals the denial of front pay. He failed to

---

* The Honorable Nancy G. Edmunds, United States District Judge for the Eastern District of Michigan, sitting by designation.

brief the issue, however, and therefore the court considers the claim abandoned and unreviewable." As Thurman points out in his petition for rehearing, he did summarily brief the issue of front pay in the section of his brief requesting instatement. Thus, the issue was not abandoned on appeal.

Even so, vague references to an issue fail to clearly present it to the district court so as to preserve the issue for appeal. *Building Serv. Local 47 Cleaning Contractors Pension Plan v. Grandview Raceway*, 46 F.3d 1392, 1399 (6th Cir.1995). Thurman waived the issue of front pay by not presenting it squarely before the trial court. Thurman did not raise the issue of front pay in the amended complaint nor did he raise it in the pretrial order. He did not litigate it at trial, and the district court did not address it. Thurman raised the issue for the first time in his motion to alter or amend the judgment. Thus, he failed to preserve the issue for appeal.

Even if there was no waiver, the trial court did not err by failing to award front pay. The award of front pay is an equitable remedy within the discretion of the trial court. *Shore v. Federal Express Corp.*, 42 F.3d 373, 377–78 (6th Cir.1994). *See also Suggs v. ServiceMaster Education Food Management*, 72 F.3d 1228, 1234 (6th Cir. 1996) ("Determination of when to award front pay is within the discretion of the trial court, and such awards are reviewed under the abuse of discretion standard.")

A district court has wide discretion to make a victim of unlawful discrimination whole. *Albemarle Paper Co. v. Moody*, 422 U.S. 405, 95 S.Ct. 2362, 45 L.Ed.2d 280 (1975). "[V]iewing a front pay award in isolation for the purpose of measuring its contribution toward the goals of an antidiscrimination statute is risky business. A front pay award—like any other single strand in a tapestry of relief—must be assessed as a part of the entire remedial fabric that the trial court has fashioned in a particular case." *Lussier v. Runyon*, 50 F.3d 1103, 1112 (1st Cir.), *cert. denied*, —— U.S. ——, 116 S.Ct.

69, 133 L.Ed.2d 30 (1995). For example, in *Barbano v. Madison County*, 922 F.2d 139, 146 (2d Cir.1990), the court held that a plaintiff was made whole by an award of backpay over an eight year period, plus prejudgment interest and attorney fees, and the court affirmed the district court's denial of instatement and front pay.

Similarly in this case, the district court awarded backpay over a five year period together with attorney fees and costs.[1] The court was within its discretion in determining that such an award made Thurman whole. Accordingly, the district court's denial of front pay is affirmed.

For the foregoing reasons, the petitions for rehearing en banc are DENIED. This panel's July 26, 1996 order is amended with regard to the issue of front pay as set forth above. The district court's denial of front pay is AFFIRMED. The panel adheres to its original disposition in all other respects.

---

1. The trial court originally denied Thurman's request for prejudgment interest, but this Court reversed and remanded for an award of such interest.