99 F.3d 1140
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jack WEHR, Plaintiff-Appellee,
v.
RYAN'S FAMILY STEAK HOUSES, INC., Defendant-Appellant.
 No. 95-6101.
 United States Court of Appeals, Sixth Circuit.
 Oct. 10, 1996.
 
 Before: KENNEDY, WELLFORD, and SILER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff Jack Wehr appeals an order denying his motion to amend the judgment and award reinstatement or, in the alternative, for a new trial, and also denying his motion to modify the judgment to allow him an additional award of attorney's fees, upon proper application, for time and effort spent defending a previous appeal by defendant. For the following reasons, we AFFIRM.
 
 I. Facts
 
 2
 In October 1991, plaintiff brought suit against defendant under Title VII, alleging that he had been fired in retaliation for reporting sexual harassment violations. The jury agreed, but awarded plaintiff only $2000 in back pay. Plaintiff then amended his complaint to request the court to order reinstatement. The magistrate judge granted this motion and also awarded plaintiff attorney's fees and costs.
 
 
 3
 Defendant, Ryan's Family Steak Houses, Inc. (Ryan's), challenged both of these awards and filed a motion for judgment notwithstanding the verdict or, in the alternative, for a new trial. Ryan's asserted that during discovery it had learned that plaintiff had lied on his resume about his employment background and medical history, including misrepresentations about his past mental stability and the circumstances of leaving a former employer. Ryan's also claimed that it had discovered that plaintiff had sexually harassed a female waitress under plaintiff's supervision. It maintained that had it known of these incidents during plaintiff's employment, it would have fired him. Consequently, Ryan's argued that plaintiff could not recover for the Title VII violation because of this Circuit's after-acquired evidence rule, see Johnson v. Honeywell Info. Sys., Inc., 955 F.2d 409, 414 (6th Cir.1992). The court rejected these arguments and denied Ryan's motion, finding that Ryan's had failed to prove that plaintiff's misrepresentations were material or that exceptional circumstances existed to overcome presumptive reinstatement.
 
 
 4
 Ryan's appealed, again arguing that the after-acquired evidence barred any recovery. Plaintiff cross-appealed, challenging the amount of the fee award. In light of the then-recent Supreme Court decision in McKennon v. Nashville Banner Publishing Co., 115 S.Ct. 879 (1995),[1] a panel of this court affirmed the District Court's denial of Ryan's motion for judgment notwithstanding the verdict insofar as the awards of back pay and attorney's fees were concerned. Wehr v. Ryan's Family Steak Houses, Inc., 49 F.3d 1150, 1153 (6th Cir.1995) (Wehr I ). However, the court remanded the issue of reinstatement "for further factual determination and a balancing of equities in light of" McKennon. Id. at 1154. We explained that the issues of plaintiff's emotional stability and resume fraud, as well as the question of whether plaintiff himself was guilty of sexual harassment, "are relevant and should be considered fully in light of McKennon 's directives." Id.
 
 
 5
 On remand, the District Court decided that no further evidentiary hearing was necessary,[2] finding that the record was sufficiently developed for the court to determine the reinstatement issue. The court then reviewed the evidence that Ryan's had presented regarding plaintiff's alleged misconduct and concluded that
 
 
 6
 Ryan's would have terminated Wehr based upon his misrepresentations on his employment application, which standing alone is reason enough to deny reinstatement under McKennon. I further conclude that Wehr's history of mental instability is an additional equitable factor which somewhat favors a denial of the award of reinstatement in this case. Finally, I conclude that the allegations of sexual misconduct ... constitute an "extraordinary equitable circumstance" which strongly favors the denial of reinstatement. McKennon, 115 S.Ct. at 886.
 
 
 7
 (JA at 133).
 
 
 8
 Plaintiff sought to amend the judgment or, in the alternative, a new trial. Plaintiff also sought to modify the judgment to add additional attorney's fees. On July 11, 1995, the court denied plaintiff's motions, finding that it had employed the correct legal standard in its earlier order setting aside the reinstatement. The court refused to order a new trial for the same reasons it had found an evidentiary hearing unnecessary. Finally, the court denied plaintiff's request to submit an attorney's fees application, explaining that plaintiff was unsuccessful in his cross-appeal and reinstatement had been denied. Thus, plaintiff's appeal "has netted him no new ground, and in fact, has resulted in a less successful outcome then the original judgment" (JA at 148). This timely appeal followed.
 
 II. Discussion
 A. Standard of Review
 
 9
 With respect to the issue of reinstatement, this court reviews questions of law de novo, Featsent v. City of Youngstown, 70 F.3d 900, 903 (6th Cir.1995), and questions of fact under the clearly erroneous standard, FED.R.CIV.P. 52(a); see Anderson v. City of Bessemer, 470 U.S. 564, 573 (1985). As the Supreme Court has explained:
 
 
 10
 If the district court's account of the evidence is plausible in light of the record viewed in its entirety, the court of appeals may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous.
 
 
 11
 Anderson, 470 U.S. at 573-74.
 
 
 12
 We review a district court's award of attorney's fees for an abuse of discretion. See Perotti v. Seiter, 935 F.2d 761, 763 (6th Cir.1991). This standard is derived from the language of the governing statute, 42 U.S.C. § 2000e-5(k), which provides that in Title VII cases "the court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee ... as part of the costs." (emphasis added).
 
 B. Reinstatement
 
 13
 Plaintiff argues that the District Court erred when it set aside his award of reinstatement because the court failed to apply the proper standard. Plaintiff essentially contends that the test required under McKennon is whether the misconduct was "severe" and that this test is more stringent than the "materiality" test, see Johnson, 955 F.2d at 414, which the District Court applied in this case, before the McKennon decision, to determine whether judgment notwithstanding the verdict was appropriate. What plaintiff actually disputes is the application of the McKennon standard to the facts of this case.
 
 1. McKennon Standard
 
 14
 Before McKennon, courts in this Circuit applied the analysis set forth in Johnson, 955 F.2d at 414, and its progeny to determine whether after-acquired evidence entitled an employer to judgment as a matter of law.[3] In contrast, the McKennon analysis decides only whether certain remedies are inappropriate. See 115 S.Ct. at 885. McKennon holds that "[w]hen an employer 'seeks to rely upon after-acquired evidence of wrongdoing, it must first establish' that the wrongdoing in fact occurred, and 'that the wrongdoing was of such severity that the employee in fact would have been terminated.' " Wehr I, 49 F.3d at 1154 n. 5 (quoting McKennon, 115 S.Ct. at 886-87). Whether the employer has made such a showing is a question of fact. See Thurman v. Yellow Freight Sys., Inc., 90 F.3d 1160, 1168 (6th Cir.1996), modified, Nos. 94-6109/95-5064, 1996 WL 534959 (6th Cir. Sept. 19, 1996); see also McCray v. DPC Indus., Inc., 875 F.Supp. 384, 388 n. 3 (E.D.Tex.1995) ("A factual dispute may arise as to whether an employer would have terminated an employee based upon misconduct had the employer known of it.").
 
 
 15
 In light of McKennon, this court remanded the question of reinstatement for further factual determinations on the issues of plaintiff's emotional stability and resume fraud, as well as the issue of plaintiff's own sexual misconduct. Wehr I, 49 F.3d at 1154. This court expressly instructed that "[i]f the lower court finds merit to either of these charges, '[i]t would be both inequitable and pointless to order the reinstatement of someone the employer would have terminated ... in any event and upon lawful grounds.' " Id. at 1154 (quoting McKennon, 115 S.Ct. at 886). On remand, the District Court "concluded that Ryan's would have terminated Wehr based upon his misrepresentations on his employment application, which standing alone is reason enough to deny reinstatement under McKennon." Thus, as required under McKennon and as instructed by this court, the District Court determined whether Ryan's had shown that it in fact would have terminated the plaintiff based upon the after-acquired evidence. In sum, the District Court applied the correct standard.[4]
 
 2. Application of McKennon
 
 16
 The record supports the District Court's finding that Ryan's made the required showing under McKennon. Most importantly, the District Court did not clearly err in finding that Ryan's would have discharged plaintiff based upon his resume fraud had it known of the misrepresentations at the time of plaintiff's termination.
 
 
 17
 On the employment application, plaintiff certified that the answers provided were true and that he understood that "false or misleading information given in my application or interview(s) may result in discharge." In addition, Ryan's submitted the affidavit testimony of its Vice President for Human Resources, stating that Ryan's has a strict policy of immediately terminating all employees whom it discovers have lied on their employment applications. We realize that the certification states only that an employee "may" be discharged, and the affidavit is self-serving. However, plaintiff offered no evidence showing that Ryan's would not have dismissed him for the resume fraud. Moreover, plaintiff agreed that the factual record was sufficiently developed with regard to the resume fraud claim. In sum, the resolution of the resume fraud issue was a question of fact and one which we cannot say the District Court clearly erred in making.
 
 
 18
 Under McKennon, the District Court's determination regarding the resume fraud is sufficient to bring this action into the class of cases where the "general rule" is that "neither reinstatement nor front pay is an appropriate remedy." McKennon, 115 S.Ct. at 886. Therefore, we need not consider the District Court's findings that plaintiff's history of mental and emotional instability and the allegations of sexual misconduct weighed against reinstatement. However, plaintiff maintains that the District Court cannot determine, without application of any standard, whether evidence weighs for or against reinstatement; rather, this analysis should only be applied after the "severity" test is met. In fact, the District Court did determine that the first McKennon requirement had been met because it found that Ryan's had established that plaintiff would have been terminated on the grounds of the resume fraud alone. Moreover, we remanded the issue of reinstatement "for further factual determination and a balancing of equities in light of ... McKennon." Wehr, 49 F.3d at 1154 (emphasis added). In sum, we hold that the District Court employed the correct legal standard and that its factual findings were not clearly erroneous.
 
 C. Attorney's Fees
 
 19
 Plaintiff also asserts that the District Court abused its discretion by not allowing him to submit an application for work done defending Ryan's initial appeal. Defendant argues that although plaintiff is a "prevailing party," the first appeal led to a marked decrease in plaintiff's recovery and that, therefore, the District Court did not abuse its discretion in refusing to consider increasing the fee award.
 
 
 20
 The relevant inquiry in determining attorney's fees for appellate work is whether a party substantially prevailed at the appellate level. Kelley v. Metropolitan County Bd. of Educ., 773 F.2d 677, 682 (6th Cir.1985) (en banc), cert. denied, 474 U.S. 1083 (1986). Consideration and disposition of this issue is pragmatically left to the district court. Id.
 
 
 21
 Plaintiff originally received an award of $2000 in back pay and reinstatement and, consequently, received a reasonable award of attorney's fees. See Wehr I, 49 F.3d 1153 n. 4. He then successfully defended Ryan's appeal to the extent that the panel affirmed the District Court's denial of judgment notwithstanding the verdict. However, the panel only affirmed the court's decision insofar as the awards of back pay and attorney's fees were concerned. Because the court remanded the question of reinstatement, plaintiff did not prevail on that issue. On remand, the District Court denied reinstatement.
 
 
 22
 In Wehr I, 49 F.3d at 1153 n. 4, this court stated that if the District Court on remand altered the relief granted plaintiff, it would have the discretion, pursuant to Farrar v. Hobby, 506 U.S. 103 (1992), to revisit the amount of attorney's fees.[5] Thus, the court could have reduced plaintiff's fee award as suggested. Instead, the court declined to exercise its discretion, although it later commented that such a downward adjustment might be appropriate in light of plaintiff's diminished success on remand.
 
 
 23
 Then, upon considering plaintiff's fee request, the District Court appears to have assumed that whatever fees plaintiff deserved for partially prevailing on appeal would be negated by the fee reduction necessary because he did not prevail on remand. Additionally, the court noted that plaintiff was unsuccessful on his cross-appeal. We conclude that the court did not abuse its discretion when it decided that plaintiff was entitled to no additional attorney's fees on these grounds. As the District Court stated, the appeal ultimately "netted [plaintiff] no new ground."
 
 III. Conclusion
 
 24
 For the foregoing reasons, we AFFIRM.
 
 
 
 [1]
 The McKennon Court unanimously reversed a judgment of this Circuit and held that after-acquired evidence of misconduct cannot act as a complete bar to recovery in an action under the Age Discrimination in Employment Act, but does affect the specific remedy to be ordered. McKennon, 115 S.Ct. at 884-86 (1995), rev'g 9 F.3d 539 (6th Cir.1993). This court has held that the McKennon analysis applies to claims under Title VII. Wehr v. Ryan's Family Steak Houses, Inc., 49 F.3d 1150, 1153 (6th Cir.1995)
 
 
 [2]
 Plaintiff agreed that the factual record was sufficiently developed on the issues of the alleged resume fraud and mental stability. However, he sought to reopen the record to present more evidence on the issue of his alleged sexual harassment
 
 
 [3]
 In Johnson, we stated:
 As a general rule, in cases of resume fraud, summary judgment will be appropriate where the misrepresentation or omission was material, directly related to measuring a candidate for employment, and was relied upon by the employer in making the hiring decision.
 955 F.2d at 414.
 
 
 [4]
 The cases which plaintiff relies upon in his brief do not support his view of the McKennon test because almost all arose in the context of summary judgment motions. In these cases, the court decided whether there was a genuine issue of material fact as to whether the plaintiff would have been terminated had the employer known of the alleged misconduct. See, e.g., Russell v. Microdyne Corp., 65 F.3d 1229 (4th Cir.1995)
 
 
 [5]
 In Farrar, the Supreme Court held that the "technical" nature of a nominal award bears on the propriety of fees awarded. 506 U.S. at 114. " '[T]he most critical factor' in determining the reasonableness of a fee award 'is the degree of success obtained.' " Id. (quoting Hensley v. Eckerhart, 461 U.S. 424, 436 (1983))