RICHARD MILLS, District Judge
dissenting.
To be protected under the Jones Act, the second prong of Chandris, Inc. v. Latsis, 515 U.S. 347, 368, 115 S.Ct. 2172, 132 L.Ed.2d 314 (1995), requires “a seaman must have a connection to a vessel in navigation (or to an identifiable group of such vessels) that is substantial in terms of both its duration and its nature.” Id. (citation omitted). The record shows that Arnold used a work-raft to transport himself and his tools along the canal’s waterway during the seawall’s construction. Thus, the work-raft was a vessel. See Stewart v. Dutra Construction Co., 543 U.S. 481, 497, 125 S.Ct. 1118, 1129, 160 L.Ed.2d 932 (2005) (“[A] ‘vessel’ is any watercraft practically capable of maritime transportation, regardless of its primary purpose or state of transit at a particular moment.”).
Unfortunately for Arnold, he never argued that the work-raft was a vessel until he raised the issue in a motion for reconsideration. Raising an issue for the first time in a motion for reconsideration does not preserve the issue for appeal. See Thurman v. Yellow Freight Systems, Inc., 97 F.3d 833, 835 (6th Cir.1996) (raising an “issue for the first time in [a] motion to alter or amend the judgment ... [does not] preserve the issue for appeal.”).
In my view, Arnold cannot satisfy the second prong of the Chandris test without establishing that the work-raft was a vessel. Because Arnold waived this issue, his Jones Act claim should fail. Accordingly, I respectfully dissent.