**In re G.L.S., Petitioner.**

**In the Matter of G.L.S., Appellant.**

**Nos. 84–1556, 84–1744.**

United States Court of Appeals,
Fourth Circuit.

Argued Aug. 7, 1984.
Decided Oct. 3, 1984.

---

Edward Smith, Jr., Baltimore, Md., for petitioner.

Wilbur D. Preston, Jr., Baltimore, Md., for respondent.

Before RUSSELL, HALL and CHAPMAN, Circuit Judges.

CHAPMAN, Circuit Judge:

G.L.S. is a convicted felon, having pled guilty to bank robbery at age nineteen. After completing his prison sentence and probationary period, he attended and graduated from college and law school. He was admitted to the Maryland Bar in 1983 and then applied for admission to practice before the United States District Court for the District of Maryland. A three-judge panel of that court held hearings on the application and thereafter recommended to the full court that the application for admission to the Bar of the district court be denied without prejudice. The panel ruled that appellant could reapply for admission after he applied for and exhausted the pardon provisions contained at 28 C.F.R. 1.1, *et seq.* The full court, with one dissent, approved the recommendation and denied admission. 586 F.Supp. 375. Appellant has applied for a writ of mandamus or in the alternative requested a writ of prohibition to the judges of the United States District Court for the District of Maryland to require them to admit him to practice. We deny the requested relief.

I

On October 9, 1967 G.L.S. and two accomplices robbed the Lovettsville Branch of Farmers and Merchants National Bank of Hamilton in Lovettsville, Virginia of $7,000. In January 1968 G.L.S. pled guilty to a charge of armed bank robbery and was sentenced to ten years. Under the conditions of the sentence, he could have been released from prison for good behavior at

any time. However, while incarcerated he was a problem and his conduct resulted in a period of solitary confinement and eventually a transfer to the Atlanta Federal Penitentiary for security reasons. He was denied parole on a number of occasions and was released after six and a half years of commitment and placed on parole. While on parole he attended Morgan State College, married and received a degree in political science. His parole was terminated thirteen months prior to the expiration of the ten year sentence. In 1977 he was admitted to the University of Maryland Law School, having advised the school of his conviction. On graduation he applied for admission to the Bar of Maryland. Question 5 on the application stated: "The following constitutes every residence, address and place (with zip code) where I have lived within the past ten years." Although incarcerated for four of the last ten years, G.L.S. did not list any address, residence and place during the four years of his confinement.

Question 11 on the character questionnaire stated: "The following is a complete record of all criminal proceedings (including traffic violations other than an occasional parking violation) to which I am or ever have been a party." This question also asked for the date, the court, the nature of the proceedings and the disposition of any criminal proceeding. In answer to this question the appellant listed the date as November 1967, the court as "U.S. District Court for the District of Maryland," but listed nothing under the headings of "nature of proceedings" and "disposition." The application for admission to the Bar of Maryland was signed by G.L.S. under the following statement: "I do solemnly declare and affirm under the penalties of perjury that the matters and facts set forth in the foregoing application are true and correct."

Hearings were held on the application and appellant was eventually admitted to practice by a four-three vote of the Court of Appeals in Maryland. Having been admitted to the highest court of his state, he then applied for admission to the Bar of the United States District Court. Local Rule 2 of this court reads in pertinent part:

> It shall be requisite for the admission of any person to practice in this court that such person shall make written application and be sponsored by a member of the Bar of this court and shall satisfy the court that he or she is a member in good standing of the Bar of any court of the United States, or the highest court of any state, and that his or her private and professional character is good.

After a hearing before a three-judge panel of the district court the panel found:

> ... [T]here is at least a rebuttable presumption that an applicant to this bar, who is an unpardoned convicted felon, is not of good character. Therefore, because we have doubts concerning this applicant's good character, doubts which we believe must be resolved in favor of the public, we cannot admit the applicant automatically to practice before this Court despite the fact that a bare majority of the Court of Appeals of Maryland found him morally fit to practice law in the state.

The court found that it did not have the investigative mechanism necessary to make a full investigation of the private and professional character of convicted federal felons and that such a mechanism was available under a pardon petition, because the Attorney General of the United States must investigate the matter "as he may deem necessary and appropriate, using the services of, or obtaining reports from, appropriate officials and agencies of the Government...." 28 C.F.R. § 1.6 (1983). The Attorney General is required to make a recommendation to the president on the pardon petition and furthermore, files prepared in connection with such investigation although confidential, may be made available for inspection "when in the judgment of the Attorney General their disclosure is required by law or the ends of justice." 28 C.F.R. § 1.5. The district court found that "[s]uch disclosure likely would be warranted in cases like the one before this court."

There is no question that appellant was sponsored by a member of the Bar of the United States District Court for the District of Maryland and that he was a member in good standing of the Bar of the highest court of the State of Maryland. The question is whether his private and professional character is good. All but one of the district judges found there to be a serious question as to good moral character and their remedy (denying the application for admission without prejudice) was made in an effort to obtain additional information through further investigation into the character of G.L.S. Of the seven judges of the Maryland Court of Appeals, three found appellant did not possess the good character required for admission to its Bar.

■ A review of the record discloses an ample evidentiary basis to support the decision of the district court.

G.L.S. was convicted of armed bank robbery—a very serious federal crime. He was not a model prisoner, but a problem prisoner. He did not fully answer the questions as to his address for the past ten years or his criminal record. He attempted to justify his failure to answer by contending that he did not consider a federal penitentiary as a residence. The word "place" is also used in the question and "place" does not require clarification or a legal argument as to the meaning of "residence".

Although G.L.S. has done a commendable job in rehabilitating himself, this alone does not qualify him as having good private and professional character. We are mindful that "[t]he practice of law is not a matter of grace, but of right for one who is qualified by his learning and *his moral character*," *Baird v. State Bar of Arizona*, 401 U.S. 1, 8, 91 S.Ct. 702, 707, 27 L.Ed.2d 639 (1971) (emphasis added). The United States District Court denied admittance *at this time* in order that it may receive additional information on the issue of good character,

■ The United States District Court has the authority to deny an attorney's application for admission to its bar when it is not satisfied that he possesses good private and professional character. 28 U.S.C. § 1654,[1] 28 U.S.C. 2071[2] and Federal Rule of Civil Procedure 83[3] authorize the adoption of rules for conducting court business and this includes reasonable standards for admission to practice for the court. Local Rule 2 of the United States District Court for the District of Maryland is in keeping with such authority.

The action of the Maryland Court of Appeals in admitting G.L.S. to practice is entitled to respect in the United States District Court for the District of Maryland but it does not obligate that court to reach the same conclusion. "Though admission to practice before a federal court is derivative from membership in a state bar, disbarment by the State does not result in automatic disbarment by the federal court. Though that state action is entitled to respect, it is not conclusively binding on the federal courts." *In Re Ruffalo*, 390 U.S. 544, 547, 88 S.Ct. 1222, 1224, 20 L.Ed.2d 117 (1968). *Ruffalo* dealt with the power of a federal court to impose a different

---

**1.** 28 U.S.C. 1654:

In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, *by rules of such courts,* respectively, are permitted to manage and conduct causes therein. (emphasis added.)

**2.** 28 U.S.C. 2071:

The Supreme Court and all courts established by Act of Congress may from time to time prescribe *rules for the conduct* of their business. Such rules shall be consistent with Acts of Congress and rules of practice and procedure as prescribed by the Supreme Court. (emphasis added)

**3.** Federal Rules of Civil Procedure 83:

Each district court by action of a majority of the judges thereof may from time to time make and amend rules governing its practice not inconsistent with these rules. Copies of rules and amendments so made by any district court shall upon their promulgation be furnished to the Supreme Court of the United States. In all cases not provided for by rule, the district courts may regulate their practice in any manner not inconsistent with these rules.

sanction from a state court, but it follows that a federal court has the authority to impose a greater sanction.

■ If the federal district courts are to have rules regarding the admission to practice, they have the authority to decide, within the bounds of due process, who will be admitted to practice. Decisions of state courts are entitled to deference but are not conclusive. The two judicial systems are autonomous. *See Theard v. United States,* 354 U.S. 278, 281, 77 S.Ct. 1274, 1276, 1 L.Ed.2d 1342 (1957). "The two judicial systems of courts, the state judicatures and the federal judiciary, have autonomous control over the conduct of their officers, among whom, in the present context, lawyers are included."

We do not find *Matter of Braverman,* 549 F.2d 913 (4th Cir.1976) controlling. In that case we held that the decision of the United States District Court was without evidentiary support. In *Braverman* the offense of the applicant did not involve moral turpitude or the use of a deadly weapon, and in *Braverman* the court did not allow the applicant to pursue a petition for pardon and then reapply for admission, as has been done in the present case.

There is evidence to support the district court's finding that the severity of the crime, the evidence of prison disciplinary problems and the lack of candor on the bar application form did not support a finding of good private and professional character at this time.

## II

■ G.L.S. was afforded constitutional due process in the consideration of his application for admission to practice before the United States District Court. The record discloses that the judges reviewed the full record of the proceedings before the Character Committee of the State Bar, the Board of Bar Examiners and the Court of Appeals of Maryland. The district court conducted its own hearing and the applicant and his attorney were afforded a full opportunity to appear and be heard although they were not allowed to call addi-

tional witnesses before the district court panel. The proceeding before the district court did not require a full blown trial. *See Mildner v. Gulotta,* 405 F.Supp. 182, 195 (E.D.N.Y.1975), *aff'd Levin v. Gulotta,* 425 U.S. 901, 96 S.Ct. 1489, 47 L.Ed.2d 751 (1976) which states:

First, while we agree that the opportunity to hear and to observe the demeanor of witnesses is an essential element in the weighing and appraising of testimony, see *Wingo v. Wedding,* 418 U.S. 461, 94 S.Ct. 2842, 2850, 41 L.Ed.2d 879 (1974), its importance diminishes when the facts are developed and inferences may be drawn without reference to credibility. As already pointed out, a disciplinary proceeding is not a full-blown trial but an inquest—a gathering of facts concerning the conduct of an attorney, a subject more likely to be illuminated by the evidence of the attorney's own acts than by what is said or not said by someone else.

The order of the district court gives G.L.S. an opportunity to reapply after he has sought an executive pardon. The pardon petition will serve a dual purpose. It may result in G.L.S. being granted a pardon, and it will result in an additional investigation which will be of assistance to the district court if there is a subsequent application for admission. Because the findings of the district court are supported by the record and because its denial of admission at this time, without prejudice to a later application, is not an abuse of discretion, we

AFFIRM.