Louis A. PICCONE Plaintiff,

v.

Harry I. MOATZ, et al., Defendants.

No. CIV. A. 00–1920.

United States District Court,
E.D. Virginia,
Alexandria Division.

March 12, 2001.

Louis A. Piccone, Staten Island, NY, Pro se.

Arthur Peabody, Jr., Richard Parker, U.S. Attorney's Office, Alexandria, VA, for Defendants.

## MEMORANDUM ORDER

LEE, District Judge.

THIS matter is before the Court on Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment and Plaintiff's Motion for Partial Summary Judgment. This case involves a disgruntled applicant's claim against the Patent and Trademark Office ("PTO") for the five-year delay of his admission to the patent bar because the PTO investigated his inaccurate and untruthful answers to questions on his patent bar application. The applicant alleges that the five-year investigation of his bar application deprived him of due process of law and the ability to earn income. The PTO ultimately approved the Plaintiff's application at the end of a lengthy process, and he is now a registered patent agent. The issue presented on the Defendants' motion to dismiss is whether a successful applicant for admission to the patent bar may assert constitutional and tort claims against the government because the PTO investigated the applicant's untruthful answers on his application and took five years to complete the process. Upon review of the submissions and arguments of the parties, this Court holds that Plaintiff's complaint is fatally deficient for four reasons. First, Plaintiff failed to serve several Defendants with notice of the suit. Second, this Court lacks subject matter jurisdiction over several of Plaintiff's constitutional claims. Third, Plaintiff failed to state a viable constitutional due process claim under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 395–97, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). Finally, Plaintiff failed to timely bring his Federal Torts Claims Act claims before the PTO and this Court. Therefore, this Court holds that Defendants' Motion to Dismiss is GRANTED. Accordingly, Plaintiff's Motion for Summary Judgment is DENIED as MOOT.

## I. BACKGROUND.

Plaintiff Louis A. Piccone is a member of the Pennsylvania Bar. On May 31, 1991, Piccone filed an application for registration to practice before the PTO. On this application, Piccone denied that he had any traffic violations for which the fine exceeded $100. On August 21, 1991, Piccone passed the examination required for admission to practice before the PTO. On August 19, 1992, Piccone submitted a second registration application. This application admitted that he had traffic violations which carried a fine in excess of $100.

In early November 1992, Piccone began working for a chemical corporation preparing and prosecuting patent applications under the supervision of a registered patent attorney. During his employment, the PTO investigated Piccone regarding whether Piccone had engaged in the unauthorized practice of law by holding unsupervised interviews with PTO examiners. After this investigation, the PTO concluded that Piccone had not engaged in wrongdoing.

Upon request by the PTO, on April 17, 1993, Piccone submitted an explanation about his failure to disclose his traffic violations on his 1991 patent registration application. Piccone admitted that the information provided in his first application was not entirely accurate. Piccone stated that it was "merely an inadvertent error when filling out the form resulting from improper attention on my part." (Def.Ex. 7.) A PTO investigation of Piccone's driving record disclosed that from 1985 to 1991, Piccone accumulated 38 traffic violations in four different states.[1] The PTO asked Piccone for more information about Piccone's driving record. Piccone responded on August 29, 1993 by stating that his inaccurate responses to questions about the traffic violations on the first application were inadvertent and caused by improper attention. On August 19, 1994, the PTO issued an order to show cause to Piccone as to why his application should be approved. Piccone submitted a timely response.

On December 30, 1994, the PTO denied Piccone enrollment based on his lack of good moral character citing Piccone's lack of candor and truthfulness on his application to practice before the PTO. On April 9, 1996, the PTO denied Piccone's application for reconsideration. Piccone appealed the agency's decision to the PTO Commissioner. On March 11, 1997, Piccone filed a complaint in the United States District Court for the District of Columbia (Civ. No. 97–501) against the PTO seeking mandamus from the Court because the PTO Commissioner had yet to act upon his appeal. On May 6, 1997, the PTO Commis-

sioner reversed the initial denial of Piccone's application to practice before the PTO. The Commissioner directed the PTO to issue Piccone a provisional registration number. On April 8, 1998, Piccone filed another complaint in the United States District Court for the District of Columbia (Civ. No. 98–889) which set forth several Federal Torts Claims Act ("FTCA") and *Bivens* claims involving the delay in his application approval and the "abusive tactics" employed by the PTO. On January 29, 1999, Piccone filed another complaint with the United States District Court for the District of Columbia (Civ. No. 99–225) asserting *Bivens* violations arising out of the same operative facts.

On March 23, 1999, Judge Emmet G. Sullivan of the United States District Court for the District of Columbia granted Piccone's motion to consolidate the three cases instituted by Piccone. Judge Sullivan dismissed the first two complaints (Civ. No 97–501 and Civ. No. 98–889) and consolidated the claims contained with the two complaints into the third complaint (Civ. No. 99–225). Judge Sullivan then ordered Piccone to submit an amended complaint in Civ. No. 99–225 containing all the claims contained within the three complaints by April 22, 1999.[2] Piccone's Amended Complaint makes several claims against the following Defendants: (1) United States; (2) Department of Commerce; (3) Harry I. Moatz, Staff Patent Attorney ("SPA") for the PTO; (4) Karen Bovard, Director of the Office of Enrollment of Discipline ("OED") at the PTO; (5) Cameron Weiffenbach, former Director of the OED; (6) Steven Morrison, SPA for the

---

**1.** These violations included several violations for driving on a suspended license, operating an unregistered motor vehicle, the unauthorized transfer or use of registration, operating without insurance, operating an uninspected vehicle, having improper plates, and speeding.

**2.** Specifically, Judge Sullivan ordered Piccone to set forth the allegations in Civ. No. 97–501 as Count I of the Amended Complaint, set forth the allegations of Civ. No. 98–889 as Count II of the Amended Complaint, and set forth the allegations of 99–225 as Count III of the Amended Complaint.

OED; (6) Bruce Lehman, the Commissioner of Patents and Trademarks; (7) Larry Goffney, Assistant Commissioner of Patents ant Trademarks; (8) Nancy Linck, Solicitor of the PTO; (9) Albin Drost, Deputy Solicitor of the PTO; (10)—(16) James Carmichael, Thaddeus Burns, Kevin Bear, Linda Skoro, Karen Buchman, Nancy Clutter, and Garland Doe who are all Associate Solicitors of the PTO; and (17) John and Jane Does A–Z who are employees of the PTO. The Defendants' filed a motion to dismiss the Amended Complaint. Judge Sullivan dismissed several of Piccone's claims, ruled that the court did not have jurisdiction over Piccone's *Bivens* and FTCA claims, and ordered that Piccone's *Bivens* and FTCA claims be transferred to the Eastern District of Virginia. Piccone's *Bivens* and FTCA claims are before this Court.

Piccone's *Bivens* and FTCA claims are enumerated below. First, Piccone's claims against Defendants under the FTCA are as follows: (1) Count I B alleges due process violations by Defendants for denying him a fair and impartial hearing and making him endure five years in the PTO registration process; (2) Count II B alleges due process violations for being charged and convicted of criminal misconduct; (3) Count III B alleges intentional infliction of emotional distress for failure to act on Piccone's registration application; (4) Count IV B alleges negligent infliction of mental distress caused by Piccone witnessing the destruction of his career; (5) Count V B alleges malicious prosecution for instituting a quasi criminal proceeding against Piccone without probable cause; (6) Count VI B alleges abuse of process; and (7) Count VII B alleges false light in violation of privacy. Second, Piccone's claims for *Bivens* violations are as follows: Count VIII B and Count I C allege that Defendants violated his constitutionally protected rights by acting arbitrarily and capriciously in processing the review of Piccone's moral character during the registration process before the PTO. Defendants move this Court to dismiss Piccone's Amended Complaint pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(1), 12(b)(2), 12(b)(5), and 12(b)(6).

## I.  ANALYSIS.

### A.  PERSONAL JURISDICTION.

■ This Court lacks personal jurisdiction over several of the defendants because the parties were not properly served. *See* FED. R. CIV. P. 12(b)(5) (authorizing a motion to dismiss for improper service). Rule 4(e) states that a plaintiff may effectuate service upon individuals within a judicial district: (1) if conducted pursuant to the law of the state in which the district is located; (2) by delivering a copy of the summons and complaint to the individual personally; (3) by leaving copies of the summons at the individual's dwelling house or usual place of abode with some person of suitable age and discretion who resides at that abode; or (4) by delivering a copy of the summons to an agent authorized by appointment of law to receive service of process. *See* FED. R. CIV. P. 4(e)(1)-(2). Rule 4(m) requires service within 120 days after the filing of the complaint. *See* FED. R. CIV. P. 4(m). If the plaintiff shows good cause for his failure to serve within that time, "the court shall extend the time for service for an appropriate period." *See id.*

Piccone did not serve all of the Defendants with notice of this suit. Piccone properly effectuated service of process upon Defendant Bruce Lehman and Harry Moatz. No dispute exists that Bruce Lehman and Harry Moatz waived service of process in this case. (Pl.Ex. 149, 152.) However, this Court lacks jurisdiction over the following defendants because they were not properly served with notice: (1) United States, (2) Department of Commerce, (3) Karen Bovard, (4) Cameron

Weiffenbach, (5) Steven Morrison, (6) Larry Goffney, (7) Nancy Linck, (8) Albin Drost, (9) James Carmichael, (10) Thaddeus Burns, (11) Kevin Bear, (12) Linda Skoro, (13) Karen Buchman, (14) Nancy Clutter, and (15) Garland Doe. The record shows that Piccone attempted to serve these parties, however, service was never completed. (Pl.Ex. 132, 133, 150). A court does not have jurisdiction over parties who were not properly served, and Piccone has not shown good cause why this Court should extend time for service. This Court notes that Piccone delayed service despite a clear warning from the district court to serve Defendants in Civil Action 98–889. Piccone did not obtain a summons until the last possible day when service would be timely. Due to his dilatory attempts, Piccone failed to serve any of the individual Defendants within the mandatory 120-day time period. Therefore, the aforementioned Defendants, excluding Bruce Lehman and Harry Moatz, are dismissed from this suit for lack of personal jurisdiction.

## B. *BIVENS* CLAIMS.

### 1. *Jurisdiction over Defendants in their Official Capacities.*

■ Even if service were properly effectuated, this Court lacks jurisdiction over the United States, Department of Commerce, and the individual defendants in their official capacities because *Bivens* claims are not actionable against such parties. A *Bivens* action is a judicially created damages remedy which is designed to vindicate violations of constitutional rights by federal actors. *See Bivens*, 403 U.S. at 395–97, 91 S.Ct. 1999. However, *Bivens* claims are not actionable against the United States, federal agencies, or public officials acting in their official capacities. *See FDIC v. Meyer*, 510 U.S. 471, 475, 484–86, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994); *Berger v. Pierce*, 933 F.2d 393, 397 (6th

Cir.1991); *see generally Reinbold v. Evers*, 187 F.3d 348, 355 n. 7 (4th Cir.1999). Under the reasoning of *FDIC* and *Berger*, Piccone's claims against the United States, Department of Commerce, and the individual defendants in their official capacities as federal employees are not actionable. Therefore, this Court lacks jurisdiction over such individuals and the claims against the United States, Department of Commerce, and the individually named defendants in their official capacities as federal employees are dismissed.

### 2. *Failure to State a Claim against Defendants in their Individual Capacities.*

■ Piccone does not state a claim against the parties in their individual capacities. In seeking to dismiss a civil rights complaint for failure to state a claim, under FRCP 12(b)(6), a court "must be 'especially solicitous' of the wrongs alleged." *Harrison v. United States Postal Service*, 840 F.2d 1149, 1152 (4th Cir.1988). A complaint must not be dismissed unless it appears to a certainty that the plaintiff would not be entitled to relief under any legal theory which the facts might suggest. *See id.* (citing *Canty v. City of Richmond, Va. Police Dep't.*, 383 F.Supp. 1396, 1399 (E.D.Va.1974)).

■ Piccone is not entitled to relief on his *Bivens* claims against Defendants in their individual capacities because Piccone cannot show that he was deprived of his right to due process. A court must make a two-part inquiry to determine whether a state actor violated a person's due process rights. *See id.* at 1152–54. First, a court must determine whether the plaintiff had a liberty or property interest. *See id.* at 1152 (citing *Board of Regents v. Roth*, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972)). Second, a court must determine what process is due by analyzing the following three separate factors: (a) the private interest that will be affected by an

official action, (b) the risk of an erroneous deprivation of such interest through the procedures used, and (c) the government's interest in the procedures utilized. *See id.* at 1154 (citing *Mathews v. Eldridge,* 424 U.S. 319, 335, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976)).

■ Piccone is not entitled to relief under any of his *Bivens* claims. Piccone was not deprived of any liberty or property interest. Piccone points to no case law or authority suggesting he has a liberty or property interest in his rapid admission to practice before the PTO. "The practice of law is … [a matter] of right for one who is qualified by his learning and his moral character." *See In re G.L.S.,* 745 F.2d 856, 859 (4th Cir.1984) (citing *Baird v. State Bar of Arizona,* 401 U.S. 1, 8, 91 S.Ct. 702, 27 L.Ed.2d 639 (1971)); *see also* 35 U.S.C. § 31. However, if one's learning or moral character does not qualify him to practice law then that person has no right to practice law. *See generally id.* The PTO spent five years investigating Piccone's application to determine if Piccone's moral character qualified him to practice before the PTO. Ultimately, at the end of the process that he challenges, he was afforded admission to practice before the PTO. Therefore, Piccone was not deprived of any asserted property or liberty interest.

■ Even if this Court were to find that Defendants deprived Piccone of some interest in being admitted to practice before the PTO rapidly, the procedures afforded Piccone constitute sufficient process. First, the PTO provided Piccone with detailed specifications about the facts surrounding the investigation into his contradictory answers on his application forms. (Def.Ex. 3, 9.) Second, the PTO provided him with an opportunity to respond to these allegations. (Def.Ex. 6.) Third, Piccone was afforded an opportunity to supplement the record with additional evidence. (Def.Ex. 12.) Contrary to Piccone's assertions, he was not entitled to a full-blown trial prior to the PTO's initial decision to deny his application. *See id.* at 860 (holding that the attorney denied admission to practice before the district court received sufficient process through being afforded an opportunity to appear and be heard even though he was not allowed to call witnesses). The PTO afforded Piccone sufficient due process in the consideration of his application to practice before the PTO. Therefore, Piccone's *Bivens* claims against all Defendants are dismissed because he is not entitled to relief on his *Bivens* claims.

## C. FEDERAL TORTS CLAIMS ACT CLAIMS.

■ Piccone's FTCA claims must be dismissed because Piccone has failed to exhaust his claims against the defendants acting within the scope of their employment. The FTCA requires that a claim be presented to the appropriate agency within two years after the claim accrues. *See* 28 U.S.C. § 2401(b). The FTCA further requires that before an action may be commenced in court, the claimant must present his claim to the appropriate administrative agency for determination. *See* 28 U.S.C. § 2675(a). The requirement of filing an administrative claim is jurisdictional and cannot be waived. *See Ahmed v. United States, et. al,* 30 F.3d 514, 516 (4th Cir.1994) (citing *Henderson v. United States,* 785 F.2d 121, 123 (4th Cir.1986)). A claim is presented "when a Federal agency receives from a claimant … an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for monetary damages in a sum certain for injury to or loss of property, personal injury, or death." *See id.* (citing 28 C.F.R. § 14.29(a)). Section 2401 is applicable to federal agencies and federal employees acting within the scope of their employment. *See Gould v. U.S.*

*Dept. of Health & Human Services,* 905 F.2d 738, 741 (holding the plaintiff's claims against the federal agency and its employees were time barred under Section 2401).

· Piccone has failed to timely exhaust his negligent infliction of emotional distress, malicious prosecution, abuse of process, and false light invasion of privacy claims before the PTO. These claims were never presented to the PTO prior to submission to this Court as required by 28 U.S.C. § 2401. (Def.Ex. 15.) Therefore, this Court does not have jurisdiction to hear Piccone's claims of negligent infliction of emotional distress (Count IV B), malicious prosecution (Count V B), abuse of process (Count VI B), or false light invasion of privacy (Count VII B).

█ Piccone has failed to timely assert his intentional infliction of emotional distress claim against Defendants acting within the scope of their employment. A tort claim against the United States is barred if it is not asserted within six months after notice of the agency's final denial of the claim. *See* 28 U.S.C. § 2401(b). Piccone did submit its intentional infliction of emotional distress claim to the PTO, and received a right to sue letter on this claim on November 26, 1997. Piccone alleged such claim for the first time in his Amended Complaint filed April 23, 1999. This filing date exceeds the six-month limitations period established by 28 U.S.C. § 2401(b). Therefore, Piccone's intentional infliction of emotional distress claim (Count III B) is barred by the six-month statute of limitations.

### III. CONCLUSION.

This Court holds that Defendants' motion to dismiss is GRANTED. First, the following defendants are dismissed for lack of personal jurisdiction because of lack of service of process: (1) United States, (2) Department of Commerce, (3) Karen Bovard, (4) Cameron Weiffenbach, (5) Steven Morrison, (6) Larry Goffney, (7) Nancy Linck, (8) Albin Drost, (9) James Carmichael, (10) Thaddeus Burns, (11) Kevin Bear, (12) Linda Skoro, (13) Karen Buchman, (14) Nancy Clutter, and (15) Garland Doe. Second, this Court lacks subject matter jurisdiction over all of Piccone's *Bivens* claims against the Defendants in their official capacities. Third, Piccone failed to state a constitutional due process claim, under *Bivens,* upon which relief can be granted. Finally, Piccone's FTCA claims against the Defendants acting within the scope of their employment are dismissed for failure to timely bring such claims before the PTO and this Court. For the reasons stated above, it is hereby

ORDERED that Defendants' Motion to Dismiss is GRANTED. Accordingly, it is further

ORDERED that Plaintiff's Amended Complaint is DISMISSED with prejudice and no leave to amend will be granted because amendment would be futile.

The Clerk is directed to forward a copy of this Memorandum Order to counsel of record.