RELIABLE TAX & FINANCIAL SERVICES, INC., Rick R. Looker, Christopher D. Harrell, Accurate Bookkeeping, Inc., Patricia Cockrill, Anderson & Associates, P.C., William E. Hart, P.C., Martinette & Co., Linda D. Wardell, CPA, T/A A to Z Tax & Accounting Service, Neil C. Smith, T/A Kroboth's, Frank T. Kroboth, T/A Kroboth's, and Green Tax Service, Inc., Plaintiffs,

v.

H & R BLOCK EASTERN TAX SERVICES, INC., and H & R Block Tax Services, Inc., Defendants.

No. 2:02–CV–52.

United States District Court, E.D. Virginia, Norfolk Division.

Aug. 2, 2002.

---

Michael E. Anderson, Alan D. Albert, Troutman Sanders, LLP, Norfolk, VA, Michael G. Sweeney, Virginia Beach, VA, for plaintiffs.

Peter J. Klarfeld, Michael Lee Sturm, Wiley, Rein & Fielding, Washington, DC, Gregory N. Stillman, Hunton & Williams, Norfolk, VA, for defendants.

## DISMISSAL ORDER

REBECCA BEACH SMITH, District Judge.

This matter comes before the court on a Motion for Entry of Order Granting Additional Time Within Which to Serve Complaint, filed by plaintiffs Patricia Cockrill and Accurate Bookkeeping, Inc., on June 18, 2002.[1] Defendants H & R Block Eastern Tax Services, Inc., and H & R Block Tax Services, Inc., responded with a Cross–Motion to Dismiss for Insufficiency of Process pursuant to Federal Rule of Civil Procedure 12(b)(5), filed on June 26, 2002. Plaintiffs Patricia Cockrill and Accurate Bookkeeping, Inc., filed a Memorandum of Law in Opposition to Defendants' Cross–Motion for Dismissal on July 9, 2002. Defendants filed a Reply Memorandum in Support of Defendants' Cross–Motion to Dismiss for Insufficiency of Service of Process on July 10, 2002.

### Factual and Procedural History

On January 25, 2002, twelve co-plaintiffs filed a complaint against defendants alleging a violation of the Lanham Act, 15 U.S.C. § 1125(a). All twelve co-plaintiffs were represented by the same counsel.[2] On February 4, 2002, plaintiffs' counsel returned to the court an unexecuted summons for each defendant, and counsel indicated it would submit revised summons for service of defendants on their respective registered agents. On February 26, 2002, the Clerk's Office sent a letter to plaintiffs' counsel requesting the revised summons and reminding plaintiffs' counsel that under Rule 4 of the Federal Rules of Civil Procedure, the action would be subject to abatement if the summons and complaint were not served within 120 days from filing of the complaint.

On May 24, 2002, plaintiffs' counsel submitted revised summons to the Clerk's Office, which issued them that same day. On May 25, 2002, the 120–day deadline expired with neither defendant having been served. On June 3, 2002, all of the plaintiffs except Accurate Bookkeeping, Inc., and Patricia Cockrill filed a notice of voluntary dismissal. On June 4, 2002, the Clerk's Office mailed a Notice of Abatement to counsel for the remaining two plaintiffs. On June 17, 2002, the summons for defendant H & R Block Tax Services, Inc., was returned executed by service upon the registered agent on June 13, 2002. On June 18, 2002, plaintiffs first filed a motion for additional time to serve the complaint. On June 20, 2002, the sum-

---

1. The other ten original co-plaintiffs filed a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1) on June 3, 2002.

2. Counsel for plaintiffs are experienced attorneys who regularly appear in this court and certainly are familiar with all of the federal and local rules.

mons for defendant H & R Block Eastern Tax Services, Inc., was returned executed through an affidavit for service of process on the Secretary of the Commonwealth of Virginia, stamped received by the Secretary of the Commonwealth on May 29, 2002.[3] The defendants then moved for dismissal under Rule 12(b)(5) on June 26, 2002.

## Analysis

After plaintiffs filed their complaint on January 25, 2002, they had 120 days in which to effectuate service of process on defendants. Under Federal Rule of Civil Procedure 4(m),

> [i]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that *if the plaintiff shows good cause for the failure,* the court shall extend the time for service for an appropriate period.

Fed.R.Civ.P. 4(m) (emphasis added); *see also* Rule 4, Local Rules of Practice, E.D.Va. ("Unless, within one hundred and twenty (120) days after the complaint is filed, a defendant has been served or has appeared or has waived service, the Clerk shall abate the action and dismiss it without prejudice as to such defendant(s) . . ."). The 120–day period for serving defendants in this case expired on May 25, 2002, before either defendant had been served.

Plaintiffs' motion for an extension of time to serve the complaint, filed on June 18, 2002, well after the 120 days had already passed, provides little reason for the delay in serving defendants. Plaintiffs simply state that they served the Virginia registered agent for H & R Block Eastern Tax Services, Inc., on June 13, 2002, and that they delivered a service package to the Office of the Secretary of the Commonwealth for H & R Block Tax Services, Inc., on May 29, 2002, with service of process expected to be completed around June 19, 2002, when that Office filed the Secretary's certificate of service with the court.[4] Counsel for plaintiffs suggest to the court that their actions to obtain service have been reasonable under the circumstances and that an extension should be granted because: (1) a related case against the same defendants is on remand to this court from the Fourth Circuit Court of Appeals; (2) ten of the twelve original co-plaintiffs withdrew from the action, and the remaining two plaintiffs are looking to substitute new counsel; and (3) the backlog in the Office of the Secretary was unanticipated. (Pl.'s Mot. for Order Granting Additional Time Within Which to Serve Complaint, at 3, ¶ 7.)

The reasons presented by plaintiffs' counsel as good cause not to dismiss the complaint for insufficiency of service of process pursuant to Rule 12(b)(5) are basically the same reasons presented in the motion for an extension of time: (1) two of the plaintiffs unexpectedly advised counsel that they intended to proceed with the

---

**3.** Service of process is considered executed on June 20, 2002, not May 29, 2002. Under Virginia law, service is considered complete when a Secretary's certificate of service is filed with the court. *See* Va.Code Ann. § 8.01–329(C) ("Service of process or notice on the Secretary shall be effective on the date the certificate of compliance is filed with the court in which the action is pending.").

**4.** *See supra* note 3. H & R Block Tax Services, Inc., is a Missouri corporation not qualified to do business in Virginia. Therefore, service was appropriate through the Secretary of the Commonwealth. *See* Va.Code Ann. §§ 8.01–328.1, 8.01–329.

action on May 20, 2002, at which time plaintiffs' counsel commenced all necessary steps for service of process; (2) there was a three-week delay between delivery of a service package to the Secretary of the Commonwealth and the receipt of the Secretary's certificate of service in this court; and (3) the pendency of a related action against defendants on remand to this court posed a distinct possibility of waste of plaintiffs' and the court's resources if the current action commenced. (Pl.'s Memorandum of Law in Opposition to Def.'s Cross–Mot. for Dismissal, at 2–3, ¶¶ 4–6.)

Rule 4(m) requires that if a complaint is not served within 120 days after it is filed, the complaint must be dismissed unless plaintiff makes a showing of good cause. *Mendez v. Elliot*, 45 F.3d 75, 78–79 (4th Cir.1995) (citing *In re Cooper*, 971 F.2d 640, 641 (11th Cir.1992)) ("[A] district court has no discretion to salvage an action once the court has found a violation of [Rule 4(m)] and a lack of good cause."). To show good cause requires demonstrating reasonable and diligent efforts to effect service. *See, e.g., T & S Rentals v. United States*, 164 F.R.D. 422, 425 (N.D.W.Va. 1996) (finding good cause exists "in situations in which a plaintiff, who was not in technical compliance with the 120 day time limit for service, had nonetheless made 'reasonable, diligent' efforts to effect service on the defendant") (quoting *Quann v. Whitegate–Edgewater*, 112 F.R.D. 649, 659 (D.Md.1986)); *In re Hall*, 222 B.R. 275, 279 (Bankr.E.D.Va.1998).

This court finds that none of the excuses presented by plaintiffs' counsel constitute good cause for failure to serve defendants within 120 days or to justify an extension of the 120–day time period. First, the record demonstrates that plaintiffs' counsel, despite repeated prodding from the Clerk's Office, did not provide the necessary information to issue revised service summons from February 1, 2002, until May 24, 2002, the day before the case would be abated under Rule 4(m). By plaintiffs' counsel's own admission, counsel only began to take the necessary steps to effect service on May 20, 2002, when they were advised two plaintiffs wished to pursue the action. Thus, after not taking the necessary action to effect service for 115 days, counsel *began* to initiate service just *five days* before the expiration of the 120–day time limit. (*Id.*, at 2, ¶ 4.) *See Piccone v. Moatz*, 136 F.Supp.2d 525 (E.D.Va.2001) (dismissing complaint under Rule 12(b)(5) when plaintiff did not obtain a summons until the last possible day when service would be timely and failed to serve defendants within mandatory 120–day time period), aff'd, 2001 WL 1563996, 25 Fed.Appx. 950 (Fed.Cir.2001). It appears to the court that counsel expected all of the original co-plaintiffs to endorse a stipulation of voluntary dismissal. When plaintiffs Accurate Bookkeeping, Inc., and Patricia Cockrill declined to sign such a stipulation, counsel then began to effect service, but apparently no longer desire to be counsel in the case. The court is not sympathetic to counsel's argument that they did not know that two of their clients wanted to go forward with the action. It is counsel's responsibility and obligation to timely communicate with and ascertain direction from their clients, and failure to do so is not good cause. If plaintiffs themselves did not accurately represent their position to counsel, that likewise cannot be good cause in their favor. Moreover, the fact that these two plaintiffs may be seeking new counsel fails as an excuse for current counsel not to have pursued service of process on defendants.

Second, the three-week delay in serving defendant H & R Block Tax Services, Inc., because of an alleged backlog in the Office of the Secretary is not a sufficient excuse to be good cause. Plaintiffs' counsel did not even deliver a copy of the summons to

the Office of the Secretary *until four days after* the 120–day period had expired. Furthermore, plaintiffs have provided no legitimate basis for having done nothing to attempt to effectuate service on the Secretary for four months. A three-week backlog would not present a problem, if service of process had been initiated in a timely fashion. In addition, this delay only affected defendant H & R Block Tax Services, Inc., and provides no explanation for why plaintiffs' counsel waited to serve defendant H & R Block Eastern Tax Services, Inc., until June 13, 2002, three weeks after the summons were issued on May 24, 2002.

Finally, the alleged existence of another civil action involving the defendants does not give plaintiffs good cause for failing to prosecute this action. Counsel for plaintiffs have not provided this court with any information about the case, such as the name of the case, the docket number, or the issues involved. A cursory reference to the existence of another case is unpersuasive, as there are likely many cases pending against large corporations such as defendants, and this court has been provided with no information about the case that would allow it to determine whether the existence of this case truly presents any cause, let alone good cause, for not effecting service of process within the time allotted by the Federal Rules of Civil Procedure.

In summary, the explanations presented by plaintiffs' counsel for the delay fall short of meeting a good cause standard. The court finds the actions of plaintiffs and plaintiffs' counsel to effectuate service in this case were simply too little too late. Plaintiffs' excuses are just that, excuses, and they do not rise to the level of good cause.

**5.** Plaintiffs may certainly refile this action with the same or different counsel, subject to

### Conclusion

For the reasons set forth above, the court **DENIES** plaintiffs' motion for an extension of time to serve complaint, and the court **GRANTS** defendants' motion to dismiss plaintiffs' complaint for insufficiency of service of process pursuant to Rule 12(b)(5). Such dismissal is without prejudice. *See* Fed.R.Civ.P. 4(m).[5] The Clerk is **DIRECTED** to send a copy of this Dismissal Order to counsel for plaintiffs and counsel for defendants.

**IT IS SO ORDERED.**

any applicable statute of limitations.