NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0541n.06

No. 21-1426

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Dec 29, 2022
DEBORAH S. HUNT, Clerk

)
)
In re: FRANK LAWRENCE, JR.,
)
Petitioner-Appellant.
)
)
)
)

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN

OPINION

Before:  SILER, BUSH, and READLER, Circuit Judges.

JOHN K. BUSH, Circuit Judge.  Frank Lawrence appeals an order of the United States District Court for the Western District of Michigan that denied his third petition for admission to practice law before that court.  Finding the district court did not abuse its discretion, we AFFIRM.

I.

Lawrence has a long history with bar admission officials in the state of Michigan.  *See Lawrence v. Chabot,* 182 F. App'x 442, 445–46 (6th Cir. 2006); *Lawrence v. Welch*, 531 F.3d 364, 366–68 (6th Cir. 2008); *Lawrence v. Parker,* Order at 1–2, No. 17-1319 (6th Cir. Dec. 22, 2017); *In re Lawrence*, 761 F. App'x 467, 468–72 (6th Cir. 2019).  Relevant to the present application are facts from his last denied petition for admission to the Western District of Michigan in October 2017.  During that application process, Lawrence reported a conviction for interfering with a police officer.  This disclosure prompted the chief judge to send Lawrence a letter seeking additional facts.  Lawrence responded with more than just the requested information: he accused the chief judge of violating Canon 3(a)(4) of the Code of Judicial Conduct for United States Judges, which prohibits judges from engaging in certain ex parte communications.  According to Lawrence, the

chief judge inappropriately directed a court employee to contact an investigator with the State Bar of Michigan Character & Fitness Department and seek personal information contained in Lawrence's confidential files at that department.

After a letter exchange with Lawrence's attorney, the chief judge referred Lawrence's case to a three-judge panel. Lawrence then sent a letter to the panel's chair requesting the testimony of the court employee whom he believed the chief judge had used to obtain confidential information. The panel denied his request, explaining that such testimony would be irrelevant to the issues in his petition.

Soon after, Lawrence filed a motion for the panel to reconsider their refusal to allow the court employee to testify. On February 2, 2018, the panel issued a memorandum opinion and order denying the motion for reconsideration and also denying Lawrence's petition for admission. It concluded that the chief judge had not violated any local rules or done anything irregular in handling Lawrence's petition. Further, the panel noted Lawrence's "long history of engaging in inappropriate and unprofessional conduct that reflects, at the very least, very poor judgment." *In re Lawrence*, 1:17-mc-0098-JTN, Mem. Op. and Order Den. Pet. for Admis., (W.D. Mich., ECF 6, PageID 142). Lawrence's pattern of mounting "unsubstantiated allegations of misconduct against those whose decisions he dislikes" had continued through his allegations made against the chief judge.[1] *Id.* at PageID 140. The panel therefore determined that Lawrence had failed to demonstrate that he was "qualified to be entrusted with professional matters and to aid in the administration of justice as an attorney and officer of the Court." *Id.* at PageID 142 (quoting W.D.

---

[1] Other allegations that the district court found unsubstantiated include racism on the part of a board member from the Michigan Civil Rights Commission, misconduct from a trial court judge handling his case involving interference with a police officer, misconduct from the State Bar of Michigan President, and misconduct from the Board of Law Examiners.

Mich. LCivR 83.1(c)(ii)).[2]  Lawrence appealed the district court's order denying his petition for admission. This court affirmed.  *See In re Lawrence*, 761 F. App'x 467.

In its order denying Lawrence's 2017 petition, the district court gave him the opportunity to re-apply for admission after three years.  Lawrence took that opportunity three years and a day later, when he filed yet another petition for admission.

Upon receiving Lawrence's new petition, the chief judge again referred the matter to a three-judge panel, which requested that Lawrence provide supplemental information.  For example, the district court asked Lawrence to address previous concerns about his "past tendency to attack decision makers whose decisions he does not like."  Lawrence gave the panel some of what was requested but again levied allegations against the chief judge, as well as charges of wrongdoing by others.  In addition to rehashing his previous complaint concerning the chief judge's allegedly inappropriate investigation, Lawrence asserted that certain state officials had engaged in misconduct and that the chief judge may have been responsible for the death of the court employee who allegedly conducted the improper investigation into Lawrence's confidential file.  That employee had tragically died in 2018 because of a pulmonary embolism.  Lawrence alleged that job-related stress or anxiety may have caused the employee's condition.  The petitioner claimed that the employee may have been stressed because of the chief judge's supposed untoward use of the employee to investigate Lawrence, as well as other unspecified improprieties.  For these reasons, Lawrence called for a full investigation into the matter.

After denying Lawrence's investigation request, the district court denied his new petition for admission.  That decision was based on Western District Michigan Local Rule 2.1, which lists

---

[2]  The local rules were revised effective January 1, 2019.  The rules governing attorney admission to practice law are now found at W.D. Mich. LGenR 2.1(a).

three requirements for bar admission: that the applicant (1) be admitted to practice before a court of record of a state; (2) be in good standing with that court; and (3) be of "good moral and professional character." W.D. Mich. LGenR 2.1(a).

The district court determined that Lawrence met the first two requirements but failed to satisfy the third. It found that Lawrence continued to exhibit the same problematic tendencies that had led to his 2018 denial. He remained "obsessed" with his claim that the chief judge had committed judicial misconduct and continued to research extensively into the matter. This finding was significant to the panel for two reasons. First, Lawrence offered no evidence to substantiate his claims against the chief judge; indeed, the record demonstrated that the chief judge did nothing wrong. Second, both the district court and this court had already determined that the chief judge's handling of the petition was irrelevant because he took no part in the earlier panel's decision to deny the application. What's more, the panel found that Lawrence continued "to demonstrate a penchant for personally attacking officials whose decisions he dislikes, including a willingness to make baseless, unsubstantiated allegations." This was evinced by Lawrence's claim that he intended to hire private investigative firms to investigate and report on state bar officials, as well as his new allegations against the chief judge involving the death of a court employee. All of this evidence led the panel to conclude that Lawrence "has 'show[n] a propensity to act other than in a 'fair' manner. He has not shown that he will exercise good judgment, that he will conduct himself professionally and with respect for the law.'" *In re Lawrence*, 1:17-mc-0098, Mem. Op. And Order Den. Re-Appl. for Admis., (W.D. Mich., ECF 19, PageID 245–46) [hereafter: Denial Order]. Thus, the district court denied Lawrence's petition for failing "to establish that he possesses the good moral and professional character required for admission to practice" in the court. Lawrence timely filed an appeal.

II.

We first address Lawrence's argument concerning the proper standard of review. In *Application of Mosher*, this court stated that "a district court's denial of an application for admission to practice before the district court is reviewable by this court for an abuse of discretion." 25 F.3d 397, 400 (6th Cir. 1994) (citing *Ex parte Burr*, 22 U.S. (9 Wheat.) 529, 531 (1824)). Lawrence contends that *Mosher* was wrongly decided because the precedent it relied on did not address the proper standard for reviewing a denial of admission to practice in a district court, nor did dicta from those cases compel an abuse-of-discretion standard. He also asserts that the Supreme Court has never specifically addressed the proper standard of review for such cases. Lawrence also argues that the opportunity to practice law is a fundamental right within the meaning of the Privileges and Immunities Clause in Article IV. *See Supreme Court of New Hampshire v. Piper*, 470 U.S. 274, 283 (1985). Therefore, Lawrence argues, this court ought to apply de novo review in place of the abuse-of-discretion standard.

Lawrence's argument does not persuade us. Abuse of discretion is the appropriate standard of review for at least three reasons. First, when there is published Sixth Circuit precedent that addresses an area of law, that decision "generally binds later panels." *United States v. King*, 853 F.3d 267, 274 (6th Cir. 2017) (citing *United States v. Pawlak*, 822 F.3d 902, 911 (6th Cir. 2016)). As previously stated, our precedent clearly requires an abuse-of-discretion standard for reviewing a district court's denial of an application for admission. *See Mosher*, 25 F.3d at 400.

Second, though Lawrence is correct that the Supreme Court has not formally announced the proper standard of review for bar-admission cases, longstanding legal authority governing admission to federal courts favors the abuse-of-discretion standard. In *Ex parte Burr*, 22 U.S. (9 Wheat.) 529 (1824), for example, Chief Justice Marshall noted the inherent tension in the

individual interest in practicing law vis-à-vis a court's ability to maintain harmony with those who practice before it. *See id.* at 530 ("On one hand, the profession of an attorney is of great importance to an individual, and the prosperity of his whole life may depend on its exercise . . . On the other, it is extremely desirable that the respectability of the bar should be maintained, and that its harmony with the bench should be preserved.") Chief Justice Marshall resolved this tension by stating that discretion ought to reside with the court where the petitioner seeks to practice, but that such discretion should be exercised with "great moderation and judgment." *Id.* He noted that "no other tribunal can decide . . . with the same means of information as the [c]ourt" where the attorney wants permission to appear. *Id.*; *see also In re Snyder*, 472 U.S. 634, 643 (1985) ("Courts have long recognized an inherent authority to suspend or disbar lawyers . . . This inherent power derives from the lawyer's role as an officer of the court which granted admission.") (citations omitted).

In *Mosher* the Sixth Circuit followed Chief Justice Marshall's reasoning. We found that there is great interest in attorneys practicing their profession and litigants having the attorney of their choosing, but that this interest is countervailed by the public interest that requires the court to "consider whether the applicant attorney possesses the professional and ethical competence expected of an officer of the court." *Mosher*, 25 F.3d at 400 (citing *In re G.L.S.*, 745 F.2d 856, 860 (4th Cir. 1984)).

Also, the rules governing admission to federal courts support an abuse-of-discretion standard. District courts have not only inherent authority but statutory power to govern membership of their bars. Congress has permitted district courts to prescribe rules to conduct their own business. 28 U.S.C. § 2071; *see In re Desilets*, 291 F.3d 925, 929 (6th Cir. 2002) ("It is clear from 28 U.S.C. § 1654 that the authority provided in § 2071 includes the authority of a district court to regulate the membership of its bar.") (quoting *Frazier v. Heebe*, 482 U.S. 641, 652 (1987)

(Rehnquist, J., dissenting)); *Brown v. McGarr*, 774 F.2d 777, 782 (7th Cir. 1985) ("[E]very federal court which has construed [28 U.S.C. §§ 1654, 2071 and Fed. R. Civ. P. 83] has held that they permit a federal district court to regulate the admission of attorneys who practice before it.") (citations omitted). Pursuant to that authority, Fed. R. Civ. P. 83 allows district courts to adopt and amend rules governing legal practice before those tribunals. *See Brown*, 774 F.2d at 782.

Third, though *Piper* characterizes the right to practice law as "fundamental," we do not read that opinion as broadly as Lawrence does. *Piper* involved the New Hampshire Supreme Court barring a Vermont resident from admission to the bar because the attorney did not have a New Hampshire residence. 470 U.S. at 276. The Supreme Court held that such refusal violated the Privilege and Immunities Clause of Article IV of the Constitution. *Id.* at 288. Lawrence would have us read *Piper* to require a de novo standard of review for federal court bar admission decisions. But, despite reaching the conclusion that practicing law is a fundamental right, the Supreme Court explained that the decision was still compatible with the principle that "[s]tates should be left free to 'prescribe the qualifications for admission to practice and the standards of professional conduct' for those lawyers who appear in its courts." *Id.* at 283 n.16 (quoting *Leis v. Flynt*, 439 U.S. 438, 442 (1979)). Essentially, the *Piper* decision reached only the question of whether states could bar nonresidents from bar admission; it did not seek to displace the inherent authority of a court to determine how it will admit lawyers to appear before it. *See id.* at 283.

For these reasons, we conclude that the abuse-of-discretion standard is the appropriate standard of review for denied applications for admission to practice in a district court.

## III.

We now determine whether the district court abused its discretion when it denied Lawrence's most-recent petition for admission. Abuse of discretion requires "a definite and firm

conviction that the trial court committed a clear error of judgment." *Davis by Davis v. Jellico Cmty. Hosp. Inc.*, 912 F.2d 129, 133 (6th Cir. 1990) (citation omitted). Abuse of discretion generally occurs when a district court "relies on clearly erroneous findings of fact, uses an erroneous legal standard, or improperly applies the law." *United States v. Flowers*, 963 F.3d 492, 497 (6th Cir. 2020) (citation omitted).

The district court found that Lawrence lacked the "good moral and professional character" to be admitted to its bar. In reaching its conclusion, the court cited to Lawrence's continued interest in investigating State Bar officials and pursuing baseless claims against the chief judge, including an allegation of manslaughter. According to the district court, Lawrence "has not shown that he will exercise good judgment, that he will conduct himself professionally and with respect for the law." Denial Order, PageID 245–46.

Lawrence, on the other hand, contends that he has the requisite character to be admitted to practice in the court. As evidence of this, Lawrence offers that he is admitted to practice in other federal courts, including this court. In addition, he notes that he has handled pro bono cases for the United States District Court for the Eastern District of Michigan.[3] He contends that his work on those matters demonstrates that the district court erred in its assessment of him.

Having reviewed the evidence, we find no abuse of discretion in the district court's denial of Lawrence's application based on Local Rule 2.1. It relied solely on the evidence Lawrence provided in his latest petition for admission. It requested additional information for that application concerning whether he had been disbarred from other courts and whether he sought

---

[3] Indeed, Lawrence indicated that one of his cases has a motion to transfer venue from the Eastern District of Michigan to the Western District of Michigan. *See Harper v. Arkesteyn, et al.*, 2:19-cv-11106-AJT-DRG (E.D. Mich., ECF 44, PageID 192). But that motion to transfer venue was denied in February of this year. *See id.* at ECF 90.

admission to the State Bar of Michigan since February 2, 2018, along with similar clarifying questions. Lawrence chose to use that opportunity to not only respond to the questions but rehash many allegations of impropriety he raised in his 2017 petition, all of which the district court had already determined were unfounded. The new allegation of the chief judge's supposed involvement in the death of a court employee gave only more reason for the district court to conclude that the same character traits that led to denial of Lawrence's petition in 2018 continued to plague him in 2021. As for Lawrence's argument that he has demonstrated "good moral and professional character" in other jurisdictions, the district court did not abuse its discretion when it concluded that it must make its *own* determination concerning Lawrence's character irrespective of what other courts have decided. This is a natural extension of a district court's inherent authority to govern its own practices. *See Burr*, 22 U.S. at 530; Fed. R. Civ. P. 83. Thus, the district court did not abuse its discretion when it determined that Lawrence did not satisfy its admission requirements under the local rule.

Lawrence contends, alternatively, that he has a First Amendment right to call for investigations and to condemn government officials, and that the district court's decision effectively requires him to abandon his constitutional rights and lawful activity in exchange for the ability to practice law before the court. But Lawrence raises this argument for the first time on appeal. Indeed, when the district court asked him to explain his "past tendency to attack decision makers whose decisions he does not like," Lawrence failed to make any First Amendment defense as to his conduct. Because Lawrence failed to raise properly his First Amendment issue before the district court, he has failed to preserve it for appeal and we decline to resolve it here in the first instance. *See Thurman v. Yellow Freight Systems, Inc.*, 97 F.3d 833, 835 (6th Cir. 1996)

(determining that an argument must be first raised and clearly presented before the district court to be preserved properly for appeal).

IV.

For the foregoing reasons we AFFIRM the district court's denial of Lawrence's petition for admission.